### T. & P. R'Y Co. v. W. M. BURKE.

(No. 1325, Op. Book No. 2, p. 135.)

APPEAL from Lamar County.    Opinion by QUINAN, J.

§ 945. *Receipt; release; parol evidence to explain, etc.*
A receipt may be modified, explained or impugned by
parol. [Whart. on Ev. 1067.]    But a release partakes of
the nature of a deed, and is not susceptible, unless fraud
or mutual mistake be set up, of contradiction or variation
by parol. [Whart. on Ev. 1064.]

§ 946. *Release; fraud.*    To overturn a written release
because of fraud in obtaining it, the proof of the fraud
must be clear, precise and indubitable.    Slight parol evi-
dence is insufficient.    Thus it was held in a case where
the plaintiff proposed to avoid a release executed by him
by proof that he could neither read or write; that he did
not know the contents of the paper signed by him; that
he understood it to be a receipt, and that he did not in-
tend it to be a release,— that this testimony was too slight
to warrant the submission of the question of fraud to a
jury. [P. R. Co. v. Shay, 82 Penn. St. 203.]    And in
another case it was held that parol evidence was inadmis-
sible to show that the creditor executed the release at the
request of the debtor, who promised to pay him at a cer-
tain time, and that upon that consideration he executed
the release. [Stearns v. Tappin, 5 Duer, 295.]    And in
this case, where the plaintiff, to avoid the release exe-
cuted by him, proved that he did so with the understand-
ing, and upon the promise of the defendant, that the
settlement upon which the release was executed was in-
correct; that the defendant owed him a greater sum than
was allowed him in that settlement, and that he executed
the release protesting at the time that the settlement was
incorrect, and upon the promise of the defendant's agent
that it should be corrected, it was held that this evidence
was insufficient to avoid the effect of the release, and
that the release was a valid defense to the plaintiff's

action, which was to recover an indebtedness covered by the terms of the release.

June 23, 1880.                    Reversed and remanded.