Opinion delivered May 21, 1887.

---

No. 5458.

T. A. WESTBROOK *v.* THE STATE.⎰

FORGERY—INDICTMENT—REPUGNANCY.—It is not essential that an indictment for forgery shall set out the forged instrument both by its purport and its tenor; nor is it necessary that it shall set out the name of the person intended to be defrauded, the allegation of the intent to defraud being sufficient. If, however, the indictment sets out the alleged forged instrument both by its purport and its tenor, any repugnancy between the two allegations is fatal to the indictment. The "purport" clause in the indictment in this case alleges the name of the injured party to be "C. J. Chapman," whereas the "tenor" clause alleges the name to be

26 — TEX. APP. XXIII.

"C. J. Chatman." *Held*, that the obvious repugnancy between the two is fatal to the indictment. See the opinion on the question.

Appeal from the District Court of Haskell. Tried below before the Hon. J. V. Cockrell.

The opinion in this case sets out the instrument upon which the appellant was convicted of forgery and awarded a term of two years in the penitentiary as punishment. The disposition of the case does not call for a statement of the proof.

*Davis & Woodruff*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. This is an appeal from a judgment of conviction upon an indictment, the charging part of which is that defendant "did, then and there, without lawful authority, and with intent to injure and defraud, willfully and fraudulently make a false instrument in writing, purporting to be the act of another, to wit, the act of C. J. Chapman; which said false instrument is to the tenor following: 'Sept. 20, 1886. Mr. E. A. Bledsoe. Dear Sir: Please sell Mr. Westbrook twenty or twenty-five dollars worth of goods, and I will be down in 8 or 10 days and settle for them. C. J. $\overset{\text{his}}{+}$ Chatman;' against the peace and dignity of the State."

This indictment was not attacked in the court below, nor has its validity been questioned by appellant's counsel on appeal. We are of opinion, however, that the indictment is fatally defective in that there is an irreconcilable repugnancy between its purport and tenor allegations. By its purport clause it charges that the forged instrument purports to be the act of one Chapman; by its tenor clause it sets out *hæc verba* an instrument executed by one Chatman. As set forth, the instrument certainly does not purport to be the instrument of one Chapman. It was unnecessary to set out the name of the party to be defrauded, because the statute expressly provides that, in any case where an intent to defraud is required to constitute an offense, it shall be sufficient to allege an intent to defraud, without naming therein the particular person to be defrauded. (Code Crim. Proc., art. 403.)

The question here presented was somewhat elaborately dis-

cussed by us in Roberts v. The State, 2 Texas Court of Appeals, 4, and the following rules of law enunciated, quoting from Mr. Bishop: "Especial care should be taken that there be no repugnance between the purport and tenor clauses in these indictments, for, if there is, not only will the indictment be ill when it is necessary to set out the purport, but also when it is not. Thus, in South Carolina, where the purport clause went beyond what was necessary, and set out the person who purported to be the maker of the forged note, yet the note as recited under the subsequent clause was apparently executed by a person of slightly varying name, this was held to be insufficient by reason of the repugnancy. 'It is very true,' said Brevard, Judge, 'that, the form of the instrument being set forth, it does not appear to be such a one as is within the act of assembly, and it was not necessary to state that it purported to be made by the person whose name is signed to it; but all the authorities cited to this point show that this sort of repugnancy has always been regarded as a fatal defect in an indictment for forgery.'"

In the case of The State v. Bean, Redfield, Judge, says: "It is undoubtedly true that the averments of the obligation which the note imported must not be inconsistent with those which seem to flow from it *as set forth in the bill;* otherwise the judgment will be arrested. And, therefore, where the averments in the indictment improperly describe the import of the obligation of any contract forged, this defect is not cured by reciting the instrument in *hæc verba.*" (19 Vt., 530.)

In the State v. Pullens, 81 Missouri, 387, the rules with regard to pleading in forgery cases are succinctly stated as follows: "An indictment setting out the instrument forged according to its tenor only would undoubtedly be sufficient. (2 East's Pleas of the Crown, 983.) In the indictment before us the pleader has attempted to set out the note forged according to its purport as well as according to its tenor. Where the tenor is given the purport must necessarily appear, as the tenor of an instrument means an exact copy of it; whereas the purport means the substance of it as it appeared on the face of the instrument to every eye which read it. As said by Buller, Judge, in Reading's case, 2 Leach, 572: 'The indictment is repugnant within itself; for the name or description of one person or thing could not purport to be another;' and in Gilchrist's case, upon a conference of ten judges, it was held that the word 'purport' imports

what appears on the face of the instrument. It means the apparent and not the legal import." (2 Leach, 753.)

Looking at the face of the instrument before us, it is apparent therefrom that it does not purport to be the act of C. J. Chapman; on the contrary, it appears to be, and purports to be, the act of C. J. Chatman; and Chapman and Chatman are not the same name.

Because the variance and repugnancy between the purport and tenor clauses are irreconcilable to the extent that they invalidate the indictment, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*