## MARTIN GATLIN v. THE STATE.

No. 2941.   Decided January 21, 1914.

Rehearing denied February 18, 1914.

**1.—Theft of Horse—Allusion to Defendant's Failure to Testify.**

Where, upon trial of theft of a horse, the State's counsel examined a witness as to the identity of the horse alleged to have been stolen, and the latter asked whether he could say what defendant told him, whereupon, the district attorney replied in the negative and incidentally said that defendant was here and could tell it himself, the same was not reversible error, although such remarks should not be made.   Following Johnson v. State, 53 Texas Crim. Rep., 339, and other cases.

**2.—Same—Name of Party Injured—Idem Sonans.**

Where the indictment alleged that the animal was stolen from James and the proof showed that his name was Janes, but that he was commonly known and called James, there was no variance.   Following Lott v. State, 24 Texas Crim. App., 723, and other cases.

**3.—Same—Evidence—Expert Testimony.**

Upon trial of theft of a horse, there was no error in permitting experienced stockmen to testify in regard to the change of the original brand of the animal alleged to have been stolen.

Appeal from the District Court of Liberty.   Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

*Stevens & Stevens*, for appellant.—On question of allusion to failure of defendant to testify:   Flores v. State, 60 Texas Crim. Rep., 25, 129 S. W. Rep., 1111; Williams v. State, 85 S. W. Rep., 1144; Miller v. State, 45 Texas Crim. Rep., 517.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of horse theft, and his punishment assessed at two years confinement in the State penitentiary.

There is a bill of exceptions in the record that recites that while the district attorney was cross-examining the witness Gilbert Freeman the following proceedings took place:   "Q.   You say you saw the horse Martin Gatlin rode twelve months afterwards, and you took him to be the same horse?   A.   Yes, sir, but just wait; will you let me say what Martin told me?"   District attorney:   "No, sir, Martin is here and can tell it himself—that would be hearsay."   Defendant contends that is a reference to defendant's failure to testify; that it is violative of the statute, and called the attention of the jury to the fact that appellant could testify.   The court instructed the jury:   "You are further charged that the fact that the defendant has failed to testify in this case must not be used against him as a circumstance, and the jury must not

allude to the failure of the defendant to testify while deliberating upon their verdict in this case." This charge in and of itself calls the attention of the jury to the fact that a person on trial can testify if he so desires, and yet the giving of it has been approved in an unbroken line of decisions for a number of years. The district attorney did not comment on the fact that appellant had failed to tell it, and made no allusion to the matter after this incident connected with the examination of the witness. When the witness asked him if he would let him tell what Martin had said, the district attorney replied, no, Martin is here and he can tell himself—it would be hearsay. The fact that Martin was there was known to every juryman, he had to be there during the trial. That furnished the jury no information, and we think every intelligent man now knows that a person on trial can testify if he so desires. At the time this remark was made the district attorney could not and did not know whether or not Martin Gatlin (defendant) would testify. It was an incident of the trial, and not intended and could not be construed by the jury as criticising or commenting upon the failure of the defendant to testify. It is true that the statute, article 790, provides that the failure of a defendant to testify shall not be alluded to nor commented on by counsel, but can this be said to be a comment on his failure to testify. Of course, it is better that such remarks should not be made, but where they are incidentally made, as in this instance, does this present ground for reversal, when the court subsequently instructs them that they must not take his failure to testify as a circumstance against him, there being no contention that the jury did consider the matter, or it was ever thereafter even remotely referred to, when it subsequently developed that defendant did not intend to testify in the case. This court has frequently stated the rule to be that a reversal should not be had for the mere incidental mention of appellant's failure to testify, but that before a new trial should be granted, it must reasonably appear that the language used or reference must be such that it might probably have prejudiced the defendant's cause. Johnson v. State, 53 Texas Crim. Rep., 339; Smith v. State, 52 Texas Crim. Rep., 344. Of course, whenever counsel refers to the fact that a defendant has not testified, and it could by any construction be held to have probably influenced the jurymen in rendering their verdict, it will present error, but in a case like this, where the district attorney during the trial in replying to a question incidentally and unintentionally uses language of the character used in this case, it is not a violation of the statute, and presents no error.

The indictment alleges that the animal was stolen from Jarrett James. The proof shows that his name was Janes, not James, but the testimony further shows he was commonly known and called James; in fact some of the witnesses state they thought that was his name until this trial, and they had known him for years. Under such state of facts this presents no variance, and it was not error to admit the testimony that he was so known. Article 456, Code of Criminal Procedure; Lott v.

State, 24 Texas Crim. App., 723; Taylor v. State, 27 Texas Crim. App., 44; Young v. State, 30 Texas Crim. App., 308; Carter v. State, 39 Texas Crim. Rep., 345.

Ben Hebert, W. P. McFadden, Archie Middleton, B. S. Brown and others testified that they were experienced stockmen, and had been following that business for many years, and their testimony bears out the fact that they had had such experience as to enable them to testify to brands on horses and cattle, and the defacing thereof. If men of such experience could not testify in regard to such matters, such evidence would be wholly unobtainable, and the court did not err in permitting these witnesses to testify in regard to the brand originally, in their opinion, on the animal, and it being changed.

No other errors are complained of in the motion for a new trial, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied February 18, 1914.—Reporter.]