EDDIE CONNORS (ALIAS J. A. PIERCE) V. THE STATE.

No. 19146. Delivered November 10, 1937.
Rehearing Denied (Without Written Opinion) January 5, 1938.

The opinion states the case.

*McLean & Scott,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for ten years.

The prosecution proceeded under Art. 1413, P. C., which reads as follows:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

The testimony on the part of the State was sufficient to warrant the conclusion of the jury that appellant stole $1500 from W. T. Miller. Appellant did not testify and introduced no witnesses.

Several bills of exception relate to appellant's objections to conversations between alleged co-conspirators and the injured party in the absence of appellant. These bills are qualified by the trial judge, as follows:

"That at the time the State offered the above testimony the court was assured by counsel for the State that subsequent testimony would show that the persons who were identified by State's witness W. T. Miller and his wife, Mrs. W. T. Miller, as Dr. Barnes, Dr. Clark, Dr. Hamilton and Dr. Todd were all co-conspirators with the defendant Eddie Connors, alias J. A. Pierce, and that all of the said persons, including the defendant, were acting together in the transactions here complained of. Thereupon the court permitted this testimony to go to the jury. Subsequent testimony and in fact the testimony as a whole when taken together, fully complied with the statement made by State's counsel and showed that said Eddie Connors, alias J. A. Pierce, defendant in this case, and the said Dr. Clark, Dr. Hamilton, Dr. Barnes and Dr. Todd were co-conspirators and were operating together and with a common purpose and design to unlawfully take from the witness Mr. and Mrs. W. T. Miller, the sum of $1500, and the evidence as a whole further shows that the testimony detailed above was concerning transactions and conversations which occurred after the conspiracy was formed by said persons and was during its consummation and was before its completion."

As qualified, the bills fail to reflect error. The rule is well settled that "proof of what was said and done by any of the

428

conspirators pending the conspiracy and in furtherance of the common design is admissible against the one on trial though said or done in his absence." Branch's Ann. P. C., sec. 694; Serrato v. State, 171 S. W., 1138; Dobbs v. State, 100 S. W., 946.

Bill of exception No. 10 shows that counsel for appellant, in cross-examining State's witness Dr. A. J. Rice, asked the following question: "Anybody can look at that thing (referring to the belt introduced in evidence by the state) and tell it wont do anything?" When the question was asked one of counsel for the State said: "If his client will admit that it will be all right." Appellant objected to this statement on the ground that it constituted a reference to his failure to testify. The bill of exception is qualified by the court as follows:

"That the transaction and remark complained of in this bill occurred before the State had closed and rested its case and before it was known whether the defendant would himself testify in the cause. * * * In this connection, the statement made by Mr. McClain (counsel for the State), for which complaint is made in this bill, did not seem nor appear at the time to be a comment or allusion to the failure of the defendant to testify in this cause, nor in fact did it seem to the trial court at the time to be a comment, either directly or indirectly, on the question as to whether the defendant would testify in this cause."

We are unable to reach the conclusion that the remark in question constituted a comment on the failure of the appellant to testify. As shown in the qualification to the bill of exception, said remark was made before the State rested and before it could have been known whether appellant would testify. In Gatlin v. State, 163 S. W., 428, it is shown that while the district attorney was cross-examining a witness for Gatlin, said witness asked him to permit him to state what Gatlin had told him. The district attorney replied that such testimony would be hearsay. Further, he stated to the witness that Gatlin was present in court and could "tell it himself." In concluding that reversible error was not presented this court said:

"At the time this remark was made, the district attorney could not and did not know whether or not Martin Gatlin (the defendant) would testify. It was an incident of the trial, and not intended, and could not be construed by the jury as criticising or commenting upon the failure of the defendant to testify."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, JUDGE.—Judge Graves, being familiar with the facts of the foregoing case, did not participate in the consideration before this Court.