### LUTHER FULLER, JR., V. THE STATE.

No. 22291. Delivered November 18, 1942.
Rehearing Denied January 6, 1943.

The opinion states the case.

*Gray Browne,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the State penitentiary for a period of twelve years.

The only question presented for review is a claimed variance between the name of the alleged injured party and the proof in support thereof. It appears from the indictment that the name of the injured party was Paul Hamons, but he testified that it was Hamon. However, there is testimony from other source that he was generally called Hamons. The rule seems to be well settled in this State that if a party is known as well by one name as another, it is immaterial which is his true name. Art. 401, C. C. P. See Owen v. State, 7 Tex. Cr. App. 335; Gafford v. State, 100 S. W. 375; Gatlin v. State, 163 S. W. 428; Branch's Ann. Tex. P. C., p. 238, sec. 460, and authorities there cited.

The record shows that appellant and his companion in the crime both testified and each one admitted that they committed the robbery by assault as charged in the indictment. Consequently the conviction of appellant is amply supported by the evidence.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains of an alleged failure in correspondence of the allegation and the proof relative to the name of the party alleged to have been robbed.

The indictment alleges his name to be Paul Hamons, while the proof shows that his real name was Hamon, leaving a difference of but the final letter "s" in the indictment. The witness Hackney testified that he knew "Paul or Shorty Hamon. * * * I know him around there (Abilene) as Shorty Hamons. Q. Did you ever hear him called anything else except Hamons? A. I believe that's all, Shorty and Shorty Hamons. I have heard him called Paul. I never heard him called anything except Hamons. * * * I do not believe I have heard him called Shorty Hamon. I do not know now that Shorty Hamon is his name. It is Hamons, isn't it?"

Mr. Waldrop testified: "I know Shorty Hamons. I have known him seven years. * * * I had always called him Hamons. I never did hear him called anything else. They call him Shorty Hamons. He is generally called Shorty Hamons."

We think the testimony was sufficient to show that the injured party was commonly called Shorty or Paul Hamons, and that the allegata and probata correspond so far as the injured party's name appears in the indictment and the proof.

The motion will be overruled.