**Terry Lee RASELEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43848.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

Bonilla, De Pena, Read & Bonilla, by Gerald H. Beckman, Corpus Christi, for appellant.

F. T. Graham, Dist. Atty., and Menton Murray, Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the possession of marihuana; the punishment eighteen (18) years.

Several of the appellant's grounds of error relate to a search of an automobile parked adjacent to his apartment. Though traces of marihuana were found in different places in appellant's apartment, the great bulk of the contraband, approximately one hundred sixty pounds, was found in

the trunk of an automobile. This is what occurred: Deputy Sheriff Charles Londrie received information from a confidential informer who had proved to be reliable that appellant was dealing in marihuana from the address given. City Police, Deputy Sheriffs and Customs Agents placed the apartment under surveillance. This began at 5 p. m. on Friday and was continued without interruption until Monday night at approximately 10 p. m. at which time a search warrant was executed. During this surveillance the officers observed appellant bring a large bag or package, which appeared to be heavy from the manner in which appellant carried it, out of the apartment and then stuffed it in the trunk of the automobile which he then backed out and parked at a new location also adjacent to the apartment.

As we construe the appellant's brief, his prime contention is that the search of the apartment was not illegal but that the search of the automobile was.

█ In his search of the apartment, Deputy Londrie, together with six other officers, found the following items: Two burnt seeds, believed to be marihuana, in an ashtray; a seed and plant fragments, believed to be marihuana, on a desk shelf; fragments of plant material, believed to be marihuana, on dirty T-shirts; three trunks which had a strong odor of marihuana and contained plant fragments, believed to be marihuana; three packs of cigarette papers; a Hanson scale; numerous bags of various descriptions; and a nine millimeter Llama pistol. Based on these findings, Deputy Londrie arrested appellant and proceeded to search his automobile. The previous information that Deputy Londrie had received, plus the results of the apartment search could very well lead a logical person to conclude that appellant had, at some time, kept a larger quantity of marihuana in his apartment. In addition, Deputy

Londrie had personally observed appellant place the large bag in his automobile. Under these circumstances, the officers had probable cause to search the trunk of appellant's automobile. Glaze v. State, 165 Tex.Cr.R. 626, 310 S.W.2d 88. See also Miller v. State, Tex.Cr.App., 458 S.W.2d 680, and Gutierrez v. State, Tex.Cr.App., 423 S.W.2d 593.

Appellant's automobile and panel truck were described in detail in the affidavit which was made a part of the warrant. The officer stated that he believed from what he had recited above that marihuana was concealed in the apartment and the two automobiles described above. The magistrate who issued the warrant stated in the warrant that he believed the "grounds" set forth in the affidavit.

Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, upon which appellant relies, is clearly distinguishable from the case at bar. In Chimel, the appellant's house was searched pursuant to an arrest warrant. In the case at bar, the search of the house was made pursuant to a valid search warrant. Appellant's contention is overruled.

█ Appellant's next ground of error, though apparently not raised during trial, is that there exists a variance in the affidavit and the warrant in that appellant's name is spelled differently. In the affidavit the name is spelled Terrial Lee Roseley twice and Terrial Lee Raseley once. In the warrant it is spelled Terrial Lee Raseley. We find the names to be idem sonans. Pierce v. State, 160 Tex.Cr.R. 646, 274 S.W.2d 408; Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145; Hale v. State, 164 Tex.Cr.R. 482, 300 S.W.2d 75 and Fowler v. State, Tex.Cr.App., 379 S.W.2d 345.

Finding no reversible error, the judgment is affirmed.