**Ricky Adolph FLANAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60187.**

Court of Criminal Appeals of Texas,
Panel No. 3.

June 10, 1981.

Rehearing Denied Sept. 23, 1981.

Lloyd W. Westerlage, Dallas, for appellant.

Henry Wade, Dist. Atty., J. T. Langford and Gerri Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary. Trial was before the court and punishment was assessed at five years probated.

In his second ground of error, appellant challenges the sufficiency of the evidence to support his conviction. The State relied upon circumstantial evidence.

The indictment alleges in pertinent part that on October 31, 1977, appellant did:

"Knowingly and intentionally enter a habitation without the effective consent of Cecil Chatman, the owner thereof, and with the intent to commit theft. . . ."

Curtis Wilson testified that his home in Dallas is directly behind a home owned by Cecil Chapman. At approximately 10:30 a. m. on October 31, 1977, Wilson returned to his home and observed two men in his backyard. The men were carrying a tape player and a radio. Wilson took a gun out of his car and approached the men. The two men then fled and dropped the items they were carrying in a nearby alley. Wilson identified appellant as one of the men who had been in his backyard.

Officer Joe Decorte, of the Dallas Police Department, testified that after speaking with Wilson, some property was recovered from some bushes. Decorte then proceeded to Chapman's home and found some speakers and tapes on the floor of one of the rooms in the house.

Cecil Chapman testified that his home was burglarized on October 31, 1977. Entry was gained after a window in the back of the house was broken. Among the items taken in the burglary were some jewelry, a tape player, a radio and two pistols. The only items Chapman recovered following the offense were the tape player and radio.

A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *Schershel v. State*, Tex. Cr.App., 575 S.W.2d 548; *Bryant v. State*, Tex.Cr.App., 574 S.W.2d 109. Thus proof which amounts only to a strong suspicion or mere probability is insufficient. *Ford v. State*, Tex.Cr.App., 571 S.W.2d 924. However, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Earnhart v. State*, Tex.Cr.App., 575 S.W.2d 551. Lastly, the rules of circumstantial evidence do not require that circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but the hypothesis in-

tended is a reasonable one consistent with the facts proved and the circumstances, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence. *Sullivan v. State*, Tex.Cr.App., 564 S.W.2d 698.

■ The evidence in the instant case shows that appellant and another were found on property directly behind Chapman's property, at a time immediately prior to the discovery of the burglary at Chapman's house. Appellant and the other individual fled when they were approached by Wilson and disposed of a tape player and radio which they had been carrying. Decorte recovered the disposed of property and Chapman testified that the tape player and radio were the only items of stolen property returned to him after the burglary.

The evidence excludes every reasonable hypothesis except for that of appellant's guilt. Appellant's second ground of error should be overruled.

■ While no complaint was made by appellant in either the trial court or on appeal, the dissent finds that there is a material variance between the proof and the indictment with regard to the complainant's name and based on such finding concludes that the evidence is insufficient to support the conviction. The indictment alleges that the home was owned by Cecil Chatman, while at trial the owner stated his name to be Cecil Chapman.

The issue is thus one of idem sonans. In *Martin v. State*, Tex.Cr.App., 541 S.W.2d 605, this Court held:

"... we will therefore refrain from disturbing on appeal a jury or trial court determination that the names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was misled to his prejudice....

"... Questions involving the rule of idem sonans must be raised in the first instance at trial. *If the issue is raised for the first time on appeal, it will be treated as having been waived and will present*

*nothing for review."* Id. at 607 and 608. (Emphasis supplied).

This Court has considered the issue of a variance in the complainant's name when the issue has been preserved for review in compliance with *Martin v. State*, supra. See *Cox v. State*, Tex.Cr.App., 608 S.W.2d 219; *Escobar v. State*, Tex.Cr.App., 578 S.W.2d 139. In *Cox* and *Escobar*, there was evidence presented at trial which proved that the names as alleged and the names as proven were patently incapable of being sounded the same.

In the instant cause, the alleged variance involving idem sonans was not called to the trial court's attention. Appellant did not present any evidence at trial which showed that the names Chatman and Chapman are patently incapable of being sounded the same. Finally, appellant does not allege that he was misled to his prejudice, in that he does not even raise the issue of this alleged variance on appeal. Having failed to raise the contention at trial and present evidence showing the names are not idem sonans, the alleged variance has not been preserved and should not be considered in a contention which generally challenges the sufficiency of the circumstantial evidence to support appellant's conviction.

■ In his first ground of error, appellant maintains this Court does not have jurisdiction of this appeal and that the appeal should be dismissed. He contends "[t]he Court improperly pronounced and sentenced the Defendant before the expiration of ten days from the conclusion of the trial without a written waiver of the right to file a motion for new trial and a motion in arrest of judgment."

The record reflects that at the conclusion of the trial, appellant was found guilty by the court and punishment of five years, probated, assessed. Immediately thereafter, appellant gave notice of appeal. No attempt was made to file a motion for new trial or motion in arrest of judgment.

The assessment of punishment in the instant case did not constitute a sentence. See Art. 37.07(3)(d), V.A.C.C.P. Moreover,

in view of the suspended imposition of sentence, under the terms of Art. 42.04, V.A.C.C.P., no sentence was pronounced before this appeal was taken.

■ In those cases in which sentence is pronounced within ten days of the judgment, without a waiver of the ten day period in which to file a motion for new trial or motion in arrest of judgment, the sentence is premature and voidable. *Ex Parte Shields*, Tex.Cr.App., 550 S.W.2d 670. If the sentence is premature and a defendant objects at trial or raises the contention in his brief on appeal, this Court will dismiss the appeal. *Parr v. State*, Tex.Cr.App., 575 S.W.2d 522.

In the instant case, the court's action did not deprive appellant of his right to file a motion for new trial or motion in arrest of judgment. In view of the probated nature of the sentence, no sentence was imposed. Moreover, no sentence was pronounced because notice of appeal was given. Following the judgment and assessment of punishment, appellant had ten days in which to file the motions. Appellant's first ground of error is not supported by the record and is overruled.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

This is an appeal from a conviction by the trial court for the offense of burglary of a habitation with punishment assessed at five years' probation.

Appellant was charged by indictment with intentionally and knowingly entering a habitation of *Cecil Chatman* with the intent to commit theft. The record on appeal reveals the name of the complaining witness to be *Cecil Chapman*.[1]

Appellant challenges the sufficiency of the evidence in his appeal.

After both sides rested, arguments were presented by counsel. In appellant's argument, he informed the trial court: "Your Honor, I think that this is one of these cases where it is important that the tryer of the facts recall vividly the burden on the State to prove its case beyond a reasonable doubt." "I think that this is a case where they have wholly failed to do that." Thus, the trial court was put on notice that appellant was claiming that the evidence was insufficient to warrant a finding of guilty, i. e., that the allegations and proof did not correspond to one another. His motion for a verdict of not guilty was denied.

A fatal variance in the allegations of an indictment and the proof will render the evidence insufficient to sustain a conviction. See *Williams v. State*, 49 Tex.Cr.R. 105, 90 S.W. 876 (1905), where the State alleged W. F. Yates, but the proof showed F. W. E. Yates, held, fatal variance requiring reversal.

Where the name alleged and the proof vary, there will, of course, always be a variance, but for reversible error to occur there must be a *fatal or material variance* between the allegations and the proof. Although the burden is on the State to prepare a proper indictment, because of the nuances of sound in a witness' articulation of a name, the doctrine of idem sonans was adopted.

The law not regarding orthography, no harm comes from misspelling a name, provided it is idem sonans with the true spelling. . . . If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial . . . . The true rule being that the misspelling, to be material, must have changed the word intended into another word having a different meaning. *Pye v. State*, 71 Tex.Cr.R. 94, 154 S.W. 222 (1913).[2]

---

1. We observe from the record that the first witness for the State was not the complainant, but a neighbor who referred to the complainant by the last name of *Chapman*. We also observe the appeal attorneys use only the name *Chapman* in their briefs.

2. "If the name, as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name as commonly pronounced, the name thus

In *Chaverea v. State*, 141 Tex.Cr.R. 592, 150 S.W.2d 241 (1941), this Court said;

\* \* \* \* \* \*

... The rule of idem sonans is stated as follows in Branch's Ann.Tex.P.C., sec. 22, page 11: 'If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial.' And in 30 Tex.Jur., page 602, it is said: 'This phrase means "of the same sound," and names are idem sonans if the attentive ear finds difficulty in distinguishing them when pronounced, or if common and long-continued usage has made them identical in pronunciation, irrespective of the rules of orthography. In other words, identity of sound is regarded as a surer method of measuring the similarity of names than identity of spelling, and so long as the names can be sounded alike 'without doing violence to the power of the letters,' any variation in orthography is immaterial, provided the misspelling does not transform the name into a wholly distinct appellation. *Id.* at 242.

\* \* \* \* \* \*

Although we held in *Martin v. State*, Tex.Cr.App., 541 S.W.2d 605, 607 (1976), that: "[W]e will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was misled to his prejudice," nevertheless, if the names are not idem sonans *as a matter of law*, then the question of the sufficiency of the evidence may be raised on appeal, even where a jury has been given an instruction to resolve the issue and has found against the defendant. *Cox v. State*, Tex.Cr.App., 608 S.W.2d 219 (1980); *Escobar v. State*, Tex.Cr.App., 578 S.W.2d 139 (1979); *Grant v. State*, Tex.Cr.App., 568 S.W.2d 353 (1978). See also *Jackson v. Virginia*, 443

U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*Westbrook v. State*, 23 Tex.App. 401, 5 S.W. 248 (Court of Appeals 1887), is directly in point to this cause for there we held *Chapman* and *Chatman* are not the same name and are not idem sonans as a matter of law. See also *Branch's Ann. Penal Code*, Second Edition (1956), Vol. I, page 32. The indictment and proof being at fatal variance such as to render the evidence insufficient to support a conviction for the burglary of the residence of Cecil Chatman, as alleged, the judgment should be reversed and reformed to show an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The majority, I feel, does not effectively dispose of appellant's contention regarding the variance between the name *Chatman* and the name *Chapman*. Nor does it discuss the most recent decisions of this Court of *Cox v. State*, supra, or *Grant v. State*, supra.

In *Cox*, the defendant moved for an instructed verdict on the basis of variance, the motion was overruled but the trial court instructed the jury to resolve the issue and the jury did when it found the defendant guilty. Nevertheless, this Court, in a majority opinion by the author of this opinion, reversed the verdict of the jury.

In *Grant*, this Court was confronted with an identical issue as in *Cox* as the jury in that cause had also found against the defendant. Nevertheless, this Court reversed.

Today, the majority of this panel affirms appellant's conviction, to which action I dissent, but in closing I ask: If *Cox and Grant* called for reversal, then why should this conviction not also be reversed?

I dissent.

Before the Court en banc.

---

given is a sufficient identification of the individual referred to, and no advantage can be taken of the clerical error. *Black's Law Dictionary*

670–671 (5th ed. 1979). See also *Pedrosa v. State*, 155 Tex.Cr.R. 155, 232 S.W.2d 733, 735 (1950).

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Appellant was convicted of burglary and his punishment was assessed by the court at five (5) years, probated. On original submission his conviction was affirmed in a panel opinion.

The one-man dissenting opinion contended that there was a material variance between the allegations in the indictment and the proof. It notes that the indictment alleged the owner to be "Cecil Chatman" and the proof showed the owner to be "Cecil Chapman."

The dissent noted that if the names are not idem sonans as a matter of law, then the question of the sufficiency of the evidence may be raised on appeal, even where a jury has been given an instruction to resolve the issue and has found against the defendant and cited *Cox v. State*, 608 S.W.2d 219 (Tex.Cr.App.1980); *Escobar v. State*, 578 S.W.2d 139 (Tex.Cr.App.1979); and *Grant v. State*, 568 S.W.2d 353 (Tex.Cr. App.1978).

The dissent called attention to *Westbrook v. State*, 23 Tex.App. 401, 5 S.W. 248 (1887), and stated that it held "Chapman" and "Chatman" are not the same names and are not idem sonans as a matter of law. The dissent would reverse because of a fatal variance.

The majority of the panel noted the dissent's position and stated that the issue had not been raised in the trial court or on appeal and had been urged only by the dissent. *Martin v. State*, 541 S.W.2d 605, 608 (Tex.Cr.App.1976), was quoted:

"... Questions involving the rule of idem sonans must be raised in the first instance at trial. If the issue is raised for the first time on appeal, it will be treated as having been waived and will present nothing for review ...."

The en banc court granted the motion for rehearing limited to the above described contention.

An examination of the record shows the indictment alleges the owner to be "Cecil Chatman." The transcription of the court reporter's notes shows that the witness who testified he was the owner was Charles Chapman, at least that is the way the court reporter spelled his name. No one asked the witness to spell his name for the record, and no issue was raised at trial and no issue was raised on appeal. Appellant thus never presented any evidence that the names "Chatman" and "Chapman" are patently incapable of being sounded the same and are not idem sonans.

Our concern, however, was the description of the holding in *Westbrook v. State*, supra, given by the dissenting opinion. It stated that the *Westbrook* opinion held that "Chatman" and "Chapman" are not the same names and are not idem sonans as a matter of law.

*Westbrook* held that it is not essential for a forgery indictment to set out the forged instrument both by its purport and its tenor clauses. If, however, the indictment sets out the alleged forged instrument by both its purport and its tenor clauses, any repugnancy between the two allegations is fatal to the indictment. The purport clause of the *Westbrook* indictment alleged the names of the injured party to be "C. J. Chapman," whereas the tenor clause alleges the name to be "C. J. Chatman." The court stated:

"Because the variance and repugnancy between the purport and tenor clauses are irreconcilable to the extent that they invalidate the indictment, the judgment is reversed, and the prosecution is dismissed."

An examination of the opinion shows the court observed Chatman and Chapman are not the same name, but we fail to find any discussion or holding relating to the rule of idem sonans. Certainly the *Westbrook* court did not, as stated by the dissenting opinion, hold that Chatman and Chapman are not idem sonans as a matter of law.

We conclude in light of *Martin v. State*, supra, that the panel majority was correct in holding that it is too late to raise a question of idem sonans for the first time on appeal.

■ Further, if the contention can now be raised, we observe that the rule of idem sonans applies and calls for the overruling of appellant's motion for rehearing. If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial. 1 Branch's Ann.P.C., 2nd ed., § 39, p. 31.

"Names will be considered identical or similar so as to bring them within the scope of the presumption of identity of person if they can be regarded as idem sonans, or 'of the same sound.' Names are idem sonans if it is difficult to distinguish them when pronounced, or if common and long continued usage has made them identical in pronunciation." 40 Tex. Jur.2d Rev., Part 2, § 21, p. 27.

■ The following names have been held idem sonans. *Foster v. State,* 1 Tex.App. 531 (1877) ("Foster" and "Faster"); *Henry v. State,* 7 Tex.App. 388 (1879) ("Whiteman" and "Whitman"); *Bronson v. State,* 59 Tex.Cr.R. 17, 127 S.W. 175 (1910) ("Darnell" and "Donnell"); *Gatlin v. State,* 72 Tex.Cr.R. 516, 163 S.W. 428 (1914) ("Janes" and "James"); *Jones v. State,* 115 Tex.Cr.R. 418, 27 S.W.2d 653 (1930) ("Holland" and "Hollins"); *Raseley v. State,* 470 S.W.2d 899 (Tex.Cr.App.1971) ("Raseley" and "Roseley"); *Sikes v. State,* 166 Tex.Cr.R. 257, 312 S.W.2d 524 (1958) ("Vogelsang" and "Voglesang"); *Martin v. State,* 541 S.W.2d 605 (Tex.Cr.App.1976) ("Dianna" and "Dina").

Where the name of the injured party was correctly spelled "Mahaffey" throughout the record, the fact that it was spelled "Mahaffrey" in the indictment did not create a fatal variance between the allegations of the indictment and the proof since the names were of like sound and therefore idem sonans. *Jenke v. State,* 487 S.W.2d 347 (Tex.Cr.App.1972).

Further, in a theft prosecution where the information charged that the property was stolen from "Carl Wallman," but the prosecuting witness was named by the court reporter as "Carl Waldman," the names were held to be idem sonans. *Smith v. State,* 468 S.W.2d 824 (Tex.Cr.App.1971).

In the instant case, we hold that the name of "Cecil Chatman" in the indictment and the name "Cecil Chapman" given to the prosecuting witness by the court reporter are idem sonans. To the extent that *Westbrook v. State,* supra, is in conflict with this decision, it is overruled.

Appellant's motion for rehearing is overruled.

TEAGUE, Judge, dissenting.

It is true that the *Westbrook* court did not expressly state in common ordinary English that *Chatman* and *Chapman* are not idem sonans as a matter of law. But, no one should question that the *Westbrook* court did hold: "*Chapman* and *Chatman* are not the same name." (emphasis added)

What the majority fails to note is that *Westbrook v. State,* 23 Tex.App. 401, 5 S.W. 248 (1887), is cited in Branch's Ann.Penal Code, Second Edition (1956), under the topics "Idem sonans," and "Names and words held not idem sonans," see Secs. 40 and 41. I did say in my original dissenting opinion that *Westbrook* stands for the proposition that "*Chapman* and *Chatman* are not the same name *and* are not idem sonans as a matter of law," which was based on Branch's interpretation of *Westbrook.* Branch's is, of course, oftentimes cited as an authoritative work by this Court. In light of this authoritative work, I felt that interpretation could not be all bad. Thus, I agreed then and still agree with Branch's that *Chatman* and *Chapman* are not idem sonans. Such interpretation actually radiates in the dark like a glow worm, giving off a brightness of light with such strength that no one should disagree with this interpretation, albeit, like the glow worm, it is not so stated.

The doctrine of idem sonans was alive, well, and breathing in Texas both long before and at the time *Westbrook* was decided almost 100 years ago, as evidenced by the numerous case citations in *Branch's* supra, in Sec. 40 and 41. Yet today a majority of

this Court holds that Chatman and Chapman are idem sonans, overruling *Westbrook's* long-standing implication that they are not. If the majority would only state with reasoning why Chatman and Chapman are now to be construed as sounding the same, perhaps I could agree with its decision. But, as it does not, I must respectfully dissent to its overruling *Westbrook*.

*Martin*, not *Westbrook*, is the case that should be overruled, for it does violence to the principle of law that the State has the burden to prove what it alleges in an indictment.

But what about *Cox* and *Grant*? May I suggest to the majority that while it has its brush out, in erasing the "technicality" in this burglary case, which merely involves a fatal variance between the name of the complainant alleged and the name proved, that it go one step further and overrule *Cox* and *Grant*, or at least, for the bench and bar, distinguish them, if they can be distinguished from *Martin*.

What should be obvious to anyone who reads all of the opinions in this cause is that until this cause reached this Court, it is readily apparent that neither the trial court judge nor the prosecutor read this burglary indictment. The docket sheet reflects that the reading of the indictment was waived by appellant.[1] Though what might be called another "technicality," I always thought that a material variance between what was alleged and what was proved equals insufficient evidence. If insufficient evidence is not something that should be reviewed in the "interest of justice," then when the past Legislature abolished Sec. 13 of Art. 40.09, perhaps it did so intentionally, and not, as many think, inadvertently. Cf., however, *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I feel the error is properly preserved for review, even though it must be reviewed pursuant to Art. 40.09, Sec. 13, V.A.C.C.P.,

or the Fourteenth Amendment to the United States Constitution, or Art. I, Sec. 19, of our own Constitution; there is a fatal variance between the allegata and probata, and the cause should be reversed, not affirmed.

I respectfully dissent.

---

1. Prior to preparing this dissenting opinion, my staff, Jan Breland and Kenneth Schutze, and I once again carefully reviewed this record with a fine tooth comb to see where, other than in the indictment, the name "Cecil Chatman" might appear in the record on appeal. Our review once again confirms that only in the indictment is the name, "Cecil Chatman," found in this record.