**Albert Lawrence RODGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–252–CR(T).**

Court of Appeals of Texas,
Austin.

April 6, 1983.

Ronald Earle, Dist. Atty., Ralph Graham, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant was indicted for the offense of rape, a second degree felony under Tex.Pen. Code Ann. § 21.02 (1974). The indictment also alleged, for enhancement purposes, one prior and final felony conviction for the offense of burglary of a building. Trial was to a jury, which found appellant guilty of rape. At the punishment phase of the trial, the jury found that appellant had been previously convicted and assessed punishment at confinement in the Texas Department of Corrections for twelve years.

Appellant's grounds of error are: (1) that the trial court erred by making a material change in the jury verdict on punishment without the jury's consent and after it was discharged, and (2) that there is a fatal variance between the State's allegation of the name of the complainant and the proof of her name. We will overrule appellant's grounds of error and affirm the judgment of conviction.

We first address appellant's contention that the trial court erroneously made a material change in the jury verdict on punishment. The jury found appellant guilty of *rape* as charged. The second paragraph of the indictment alleged that appellant had been previously convicted, in Cause No. 51,-951 in the 147th District Court of Travis County, Texas, of the felony offense of *burglary of a building.* During the guilt-innocence phase of the trial, appellant testified in his own behalf. He admitted on cross examination that he was the same Albert Lawrence Rodgers who had been convicted in the 147th District Court of Travis County, in Cause No. 51,951, of the offense of *burglary of a building.*

After the jury found appellant guilty of rape, the trial proceeded to the punishment phase. To the allegations of the second paragraph of the indictment, alleging the

Hylon L. Adams, Austin, court-appointed, for appellant.

prior felony conviction for burglary of a building, appellant pleaded true. He testified during the hearing on punishment as follows:

Q: Are you the same Albert Lawrence Rodgers who was convicted in Cause Number 51,951 in the 147th Judicial District Court of Travis County, Texas, on March 24, 1977?

A: Yes.

Q: So all of the allegations in the second paragraph of the indictment are true?

A: Yes.

In *Harvey v. State,* 611 S.W.2d 108, 111 (Tex.Cr.App.1981) the Court held:

[w]here the state alleges, for enhancement of punishment purposes, a prior conviction, it, of course, has the burden of proof to prove that the prior conviction was a final conviction under law. Here, however, appellant himself, by pleading "True," removed this burden from the state. See *O'Dell v. State,* 467 S.W.2d 444 (Tex.Cr.App.1971); *Latta v. State,* 507 S.W.2d 232 (Tex.Cr.App.1974); *Dinn v. State,* Tex.Cr.App., 570 S.W.2d 910, 915; and *Graham v. State,* Tex.Cr.App., 546 S.W.2d 605, for the rule that an accused, having entered a plea of "true" to an enhancement paragraph of the indictment, cannot be heard to complain that the evidence is insufficient to support same. . . .

Where one prior conviction is alleged in the indictment for enhancement purposes and the accused chooses to enter a plea of "true" or "guilty" to the allegation at the punishment stage of the trial, then it is permissible for the trial court to charge the jury on punishment as though the primary offense, for which the accused has been convicted, carries the enhancement punishment, as was done here. . . . In fact, by the provisions of Sec. 12.42, P.C., this procedure would merely mean that if the accused is convicted of a third degree felony and a prior conviction is alleged and he enters a plea of "true," to that prior conviction, then the punishment charge should be for a second degree felony. If for a second degree felony, then it would be elevated to first degree felony punishment.

■ Appellant, in this case, pleaded true to the allegations of the second paragraph of the indictment and on two occasions, from the witness stand, judicially admitted that he was the same person who was previously convicted as alleged in that paragraph. Therefore, it was only necessary for the court, in its charge on punishment, to instruct the jury that they had found appellant guilty of rape, and that they should assess the punishment at confinement in the Texas Department of Corrections for not less than five years nor more than ninety-nine years, or for life (the range of punishment for a first degree felony in effect at the time of trial). *Harvey v. State, supra, Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.1978); *Ballard v. State,* 438 S.W.2d 924 (Tex.Cr.App.1969). Nevertheless, the court chose to permit the jury to determine whether appellant was the same person who had been previously convicted as alleged in paragraph two of the indictment. If the jury did so find, they were instructed to assess his punishment at confinement in the Texas Department of Corrections for life, or for any term of not more than ninety-nine years or less than five years; unless the jury did so find, they were instructed to assess punishment at confinement in the Texas Department of Corrections for any term of not more than twenty years or less than two years, with a possible fine not to exceed $10,000. Appellant made no objection to the court's charge.

The jury returned the following verdict:

[w]e, the jury, having found the defendant, Albert Lawrence Rodgers, guilty of the offense of Rape do further find that the said defendant is the same person, who prior to the commission of that offense, had been convicted of the felony offense of *Rape* in Cause No. 51,951 as alleged in the indictment, and we assess his punishment at confinement in the Texas Department of Corrections for a term of 12 years. [emphasis supplied]

The verdict was received by the court without objection from the State or appellant, and the trial judge orally pronounced judgment thereon, finding the defendant guilty of rape as charged and assessing his punishment at confinement in the Texas Department of Corrections for a term of twelve years.

Three possible verdict forms were attached to the court's charge on punishment. The first permitted the jury to assess punishment at life if they so found. This verdict form properly referred to the prior conviction as being burglary of a building and correctly identified the cause number of the prior conviction. The second permitted the jury to find the allegations in paragraph two of the indictment to be not true, in which event the jury could assess punishment for a term of years and a fine as the jury might determine. This verdict form properly called the attention of the jury to paragraph two of the indictment, in which the prior conviction was alleged. The third embodied the verdict actually returned by the jury. This verdict recites, "that the defendant is the same person, who, prior to the commission of that offense [rape in the instant case] had been convicted of the *felony offense of Rape in Cause No. 51,951 as alleged in the indictment.*" (emphasis supplied) It is noted that the verdict actually returned described the prior offense as "rape," rather than "burglary of a building." In very general terms, appellant may have called this matter to the attention of the court in his motion for new trial wherein he contended that "the court erred in its charge to the jury on the punishment phase of the trial by charging the jury with a felony that the defendant had not committed which was prejudicial to his enhanced punishment." In arguing this point, prior to sentence, appellant said, "the second point of error is that it was so prejudicial to the jury by reading the term rape in the prior offense that it prejudiced their minds and made the sentence more harsher [sic] than it probably should have been. We think that error was too prejudicial at that particular time." The motion for new trial was overruled by the court.

Since appellant pleaded true before the jury to the allegation of a prior conviction in Cause No. 51,951, as alleged in the indictment, and since he twice judicially admitted, from the witness stand, the prior conviction, the trial court should have instructed the jury to assess punishment within the range of punishment for a first degree felony under the procedure described in *Harvey v. State, supra.* It was not necessary for the jury to find that appellant was the same person who was previously convicted as alleged in paragraph two of the indictment; therefore, that part of the verdict, over and beyond the jury's assessment of punishment, was surplusage.

In *Howell v. State, supra,* the appellant was indicted for aggravated robbery, with an enhancement paragraph alleging a prior felony conviction. He was found guilty of the primary offense, pleaded true to the enhancement paragraph, and entered into a stipulation that he was the same named person who was previously convicted as alleged. The court's punishment charge consisted of two paragraphs. The first paragraph recited that the jury had convicted the appellant of aggravated robbery; the second paragraph set out the range of punishment pursuant to Tex.Pen.Code Ann. § 12.42(c). The verdict form gave the jury two choices: life, or a term of years. The jury assessed punishment at fifteen years. The appellant contended on appeal that fundamental error was committed by the trial court in accepting a verdict that was non-responsive to the allegations in the indictment, since the verdict did not indicate whether the jury found the enhancement paragraph to be true, or whether the enhancing conviction formed a basis for the conviction. In overruling this contention, the Court said, "[t]he validity of the enhancement allegation was not in issue. There was no need to submit its validity for the jury's consideration. The verdict, when read in connection with the indictment and the court's charge, is responsive. *Pennington v. State,* 364 S.W.2d 376 (Tex.Cr.App. 1962). (some citations omitted)"

In *Ainsworth v. State,* 517 S.W.2d 274 (Tex.Cr.App.1975), the appellant was convicted of rape. On appeal, he contended for the first time that the judgment was void because the verdict at the punishment stage was indefinite and uncertain. The verdict read:

> [t]he Defendant, Lyndoll Lener Ainsworth, having been found guilty of rape as charged in the indictment, We, the Jury, assess his punishment at confinement in the Department of Corrections for the State of Texas for a period of 30

The court in the judgment on the verdict assessed appellant's punishment at "thirty years." No objection was ever raised to any of these proceedings and it was only on appeal that the omission of the word "years" was questioned. The Court of Criminal Appeals rejected the appellant's contention concerning the verdict and judgment and said:

> [n]umerous decisions have followed the rule that the verdict should be held good if the intention of the jury can be reasonably ascertained....
>
> The present case involves the absence of a word "years", and thus the Court can examine the court's charge to ascertain the certainty of the jury's intention.
>
> The trial court in the present case instructed the jury in its charge:
>
> > [o]ur statute provides that the punishment for the offense of rape shall be confinement in the penitentiary for life or for any term of years not less than five.
> >
> > Therefore, you will assess the punishment of the defendant at confinement in the penitentiary for life, or *for any term of years not less than five.*
>
> This Court must presume that the jury followed the court's instructions.
>
> Verdicts should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, from whatever source, the ver-

dict should be held valid. [emphasis in original, citations omitted]

*Ainsworth, supra* at 277.

The general rule, applied to the construction of jury verdicts, is that pronounced by the Court of Criminal Appeals in *Lewis v. State,* 482 S.W.2d 177, 179 (Tex.Cr.App. 1972):

> [a] jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. *Stewart v. State,* Tex.Cr.App., 422 S.W.2d 928; *Hensley v. State,* 153 Tex.Cr.R. 616, 224 S.W.2d 245; *Burton v. Anderson,* 1 Tex. 93. When the verdict refers to the indictment, both the indictment and the charge must be read in order to determine the intent of the jury. *Salas v. State,* Tex. Cr.App., 474 S.W.2d 228; *Pennington v. State,* Tex.Cr.App., 364 S.W.2d 376; *Caballero v. State,* 171 Tex.Cr.R. 133, 346 S.W.2d 343; *McGee v. State,* 39 Tex.Cr.R. 190, 45 S.W. 709.

The verdict form returned by the jury in this case refers to the indictment ("as alleged in the indictment") and correctly identifies the cause number of the previous conviction alleged in the indictment. Moreover, the Court's charge directs the jury's attention to the allegations of the indictment in the following manner:

> [i]n paragraph (2) of the indictment it is alleged that the defendant was convicted on the 24th day of March A.D., 1977 in the Cause No. 51,951 in the 147th District Court of Travis County, Texas, for the felony offense of Burglary of a Building which said conviction had become a final conviction prior to the commission of the offense for which you have just found him to be guilty.
>
> You are instructed that if you believe beyond a reasonable doubt that this defendant is the same person who was convicted in paragraphs (2) of this indictment and that such conviction occurred as alleged, then it becomes your duty to so find and assess his punishment at confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years.

■ Surplusage in a jury verdict can be disregarded where the intent of the jury is clear. *Peterson v. State,* 508 S.W.2d 844 (Tex.Cr.App.1974); *Mansell v. State,* 364 S.W.2d 391 (Tex.Cr.App.1963). In *Peterson, supra* at 849, the Court said:

[t]he verdict in a criminal case must be responsive to the offense charged in the indictment, but surplusage can be disregarded if the intent of the jury is clear. A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Where the error in the charge is in the form of the verdict and there is no prejudice to the rights of the accused the error is harmless. [citations omitted]

■ We hold that the only reasonable construction of the verdict on punishment in this case is that the jury intended to find that appellant was the same named person who was previously convicted of a felony (burglary of a building) as alleged in paragraph two of the indictment. We further hold that appellant was not prejudiced by the form of the verdict, and that any error in the wording of the verdict is harmless. This is especially true where, as here, there was no necessity for the jury to find that appellant was the same named person as alleged in paragraph two of the indictment, in view of his plea of true and his judicial admissions that he was the same person. It is noted that the record shows that in addition to proof that he had been formerly convicted of burglary of a building as alleged in the indictment, there was proof that he had been previously convicted for shoplifting and for possession of heroin. The punishment assessed, twelve years, in view of appellant's prior criminal record was most lenient—only seven years more than the minimum. Obviously, the jury was not inflamed by the wording of the jury verdict on punishment and we find nothing in the record to so show.

We note from the record that, subsequent to the jury's discharge and on the same date that the judge signed the judgment of conviction, on motion of the district attorney, the trial court entered an order attempting to correct the jury's verdict to read as follows:

[w]e, the jury, having found the defendant, Albert Lawrence Rodgers, guilty of the offense of Rape do further find that the said defendant is the same person who prior to the commission of that offense had been convicted of the felony offense of *burglary of a building* in Cause No. 51,951, as alleged in the indictment, and we assess his punishment at confinement in the Texas Department of Corrections for a term of 12 years. [emphasis supplied]

■ The trial court has no power to change the jury verdict unless it is with the jury's consent, and unless it is done before the jury has dispersed. *Ex parte McIver,* 586 S.W.2d 851 (Tex.Cr.App.1979); *Smith v. State,* 479 S.W.2d 680 (Tex.Cr.App.1972). However, the court, in its written judgment, did not purport to rely on the "corrected verdict." Rather, the judgment shows that he properly chose to ignore the word "rape" as surplusage. The judgment reads:

and the defendant having requested that the jury assess the punishment, evidence was presented to the same jury in the matter of assessing punishment. The same jury after hearing all the evidence presented by the State and the defendant for the purpose of assessing punishment, and after having heard argument of counsel, again retired in charge of the proper officer to consider of the verdict, and afterward were again brought into court by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is here now entered upon the minutes of the Court, to-wit:

[w]e, the jury, having found the defendant, Albert Lawrence Rodgers, guilty of the offense of Rape do further find that the said defendant is the same person, who prior to the commission of that offense, had been convicted of the felony offense in Cause No. 51,951 as alleged in the indictment, and

we assess his punishment at confinement in the Texas Department of Corrections for a term of 12 years. . . .

It is therefore CONSIDERED AND ADJUDGED by the court that the defendant Albert Lawrence Rodgers is guilty of the offense of Rape as charged in the first paragraph of the indictment, and that each and all of the allegations set out in the second paragraph of the indictment charging a final conviction for the offense of burglary of a building, are true as found by the jury, and that punishment be fixed as determined by the Jury, by confinement in the Texas Department of Corrections for a period of twelve (12) years. . . .

█ The record shows, therefore, that the trial judge did not rely upon the attempted correction of the verdict in his judgment. We therefore hold that it was unnecessary for the jury to pass upon the question of whether or not appellant was the same person who was previously convicted as alleged in the indictment; that the verdict returned by the jury reciting the previous conviction was surplusage, particularly insofar as the use of the word "rape" in describing the previous conviction is concerned; that the verdict of the jury was properly received by the court, there being no objection thereto by appellant; and that appellant's ground of error in this respect should be and is in all things overruled.

We turn now to appellant's second ground of error in which he contends that there was a fatal variance between the State's allegation of the name of the complainant and its proof of her name. In the indictment the first name of the complainant was alleged to be "Toressa." At trial, the complainant was sworn in and was asked to give her name. The court reporter typed her answer to be "Teresa." This contention is raised by appellant for the first time on appeal. In *Flanagan v. State,* 620 S.W.2d 591 (Tex.Cr.App.1981), the Court of Criminal Appeals held that it is too late to raise the question of *idem sonans* for the first time on appeal. In *Flanagan,* the conviction was for burglary. The indictment alleged that the home was owned by Cecil Chatman, while at trial the owner stated his name to be Cecil Chapman. The Court of Criminal Appeals said that the issue, therefore, was one of *indem sonans,* and said that:

> if the contention can now be raised, we observe that the rule of idem sonans applies and calls for the overruling of appellant's motion for rehearing. If the names may be sounded alike without doing violence to the power of the letters found in the variant or orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial. 1 Branch's Ann.P.C., 2nd ed., § 39, p. 31.

> > Names will be considered identical or similar so as to bring them within the scope of the presumption of identity of person if they can be regarded as idem sonans, or "of the same sound." Names are idem sonans if it is difficult to distinguish them when pronounced, or if common and long continued usage has made them identical in pronunciation.

> The following names have been held idem sonans. *Foster v. State,* 1 Tex.App. 531 (1877) ("Foster" and "Faster"); *Henry v. State,* 7 Tex.App. 388 (1879) ("Whiteman" and "Whitman"); *Bronson v. State,* 59 Tex.Cr.R. 17, 127 S.W. 175 (1910) ("Darnell" and "Donnell"); *Gatlin v. State,* 72 Tex.Cr.R. 516, 163 S.W. 428 (1914) ("Janes" and "James"); *Jones v. State,* 115 Tex.Cr.R. 418, 27 S.W.2d 653 (1930) ("Holland" and "Hollins"); *Raseley v. State,* 470 S.W.2d 899 (Tex.Cr.App.1971) ("Raseley" and "Roseley"); *Sikes v. State,* 166 Tex.Cr.R. 257, 312 S.W.2d 524 (1958) ("Vogelsang" and "Voglesang"); *Martin v. State,* 541 S.W.2d 605 (Tex.Cr. App.1976) ("Dianna" and "Dina"). [some citations omitted]

*Flanagan, supra* at 598.

The Court of Criminal Appeals overruled the appellant's motion for rehearing in *Flanagan* and affirmed the judgment of conviction.

 We hold that appellant's contention, raised, as it is, for the first time on appeal, should not be considered. Even if considered, we hold the names to be *idem sonans* so that no error is shown. We overrule appellant's second ground of error.

The judgment of conviction is affirmed.