### John Hankins v. The State.

No. 76.    Decided October 27, 1909.

**1.—Local Option—Indictment—Proof—Variance—Name of Purchaser.**

Where the indictment averred the sale of the alleged liquor to Jim Washington, and the proof showed that the sale was to Will Washington, the variance was fatal to a conviction. Following Perry v. State, 4 Texas Crim. App., 566.

**2.—Same—Evidence—Unconnected Incident.**

Upon trial of a violation of the local option law it was error to admit in evidence the fact that the proprietor of the drug store where the alleged sale was made sent the defendant to Fort Worth with a wagon and team, in which he carried a load of empty bottles to sell, among which were beer and whisky bottles. This testimony did not tend to show a sale by defendant.

Appeal from the County Court of Ellis. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—On question of admitting evidence as to empty bottles, etc.; Chumley v. State, 20 Texas Crim. App., 547; Long v. State, 39 Texas Crim. Rep., 537, 47 S. W. Rep., 363. On question of variance: Gorman v. State, 42 Texas, 221; Perry v. State, 4 Texas Crim. App., 566.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Johnson County, Texas, on the 19th day of February of this year on a charge of selling intoxicating liquors in violation of the local option law, and his punishment assessed at a fine of $50 and imprisonment in the county jail for forty days.

1. The indictment in the case alleges sale by appellant to one Jim Washington. The only proof in the record as to the sale is by one Willis or Will Washington. The statement of facts shows the following: "Willis Washington being duly sworn, testified for the State as follows: 'My name is Will Washington. . . . I told him I wanted to get some whisky, and gave him 75 cents. He got a pint bottle of whisky and gave it to me.'" There is no other reference to the name of the prosecuting witness in the record except at one time he was referred to as Washington. The rule is elementary that the name of the person to whom the alleged sale was made shall be proven to be the same person as alleged in the indictment. There is no evidence in the record that this witness Will or Willis Washington was ever called or known as Jim Washington. This variance was fatal to a conviction. Perry v. State, 4 Texas Crim. App., 566.

2. Again, we think the court erred in admitting in evidence the testimony of Ward Roper to the effect, in substance, that about a day or two before the alleged sale that he sent appellant to Fort Worth with a wagon and team in which he carried a load of empty bottles to sell, and among these bottles, were beer bottles, frosty bottles, whisky bottles, medicine bottles, and all kinds of bottles. Roper, it should be stated, was the proprietor of the drugstore where the sale was alleged to have been made. This testimony did not tend to show a sale by appellant, and the only effect of same would probably be to prejudice the jury against appellant, and perhaps impress them that Roper was engaged in an unlawful business, and in this manner injure the rights of appellant.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*