**Preston James GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55331.

Court of Criminal Appeals of Texas, Panel No. 3.

July 19, 1978.

Jon H. Burrows, Temple, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a vehicle. Punishment was assessed at ten years' imprisonment.

In his first ground of error appellant argues that there was a material and fatal variance between the allegation and the proof of the name of the complainant thus rendering the evidence insufficient to sustain the conviction. The indictment alleges that the complainant's name was Mary Harrington; the record reflects that the complainant's name was Marion Harrington. Also, there is no evidence that the complainant was known by the name "Mary Harrington." See Article 21.07, V.A.C.C.P.; *Martin v. State,* Tex.Cr.App., 541 S.W.2d 605. The State argues that there is not a material variance because the names Mary and Marion are idem sonans.

■ The phrase idem sonans means:

" 'Of the same sound', and names are idem sonans if the attentive ear finds difficulty in distinguishing them when pronounced, or if common and long continued usage has made them identical in pronunciation, irrespective of the rules of orthography. In other words, identity of sound is regarded as a surer method of measuring the similarity of names than identity of spelling, and so long as the names can be sounded alike 'without doing violence to the powers of the letters,' any variation in orthography is immaterial, provided the misspelling does not transform the name into a wholly distinct appellation." *Martin v. State,* supra, 606–07, quoting from *Pedrosa v. State,* 155 Tex.Cr.R. 155, 232 S.W.2d 733.

In *Martin,* we concluded that the resolution of issues involving the rule of idem sonans would best be left to the trier of fact because:

"[A] trial judge or jury, having heard the pronunciation of the names in question by the parties involved, is in the

better position to determine whether or not the names are or can be sounded the same."

Consequently, we held:

"[W]e will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was misled to his prejudice." at pages 607–608.

■ In the present case, objection was timely raised at trial by motion for instructed verdict. Although the jury was instructed to resolve the issue, there was no evidence that "Mary" and "Marion" may be pronounced the same, and no evidence to support the jury charge. See *Martin,* supra, at 608. We hold that the names are patently incapable of being sounded the same, and reverse. Moreover, not only are the names incapable of being sounded the same but the misspelling effectively transforms the name "Mary" into a wholly distinct appellation, i. e., Marion. *Martin v. State,* supra; *Pedrosa v. State,* supra; *Chaverea v. State,* 141 Tex.Cr.R. 592, 150 S.W.2d 241. For these reasons we conclude that the names are not idem sonans and thus the evidence is insufficient to sustain the conviction.[1]

Accordingly, the judgment is reversed and the cause remanded.

---

1. After the State rested and the jury was removed, these events occurred:

"THE COURT: Do you have anything to support I suppose the contention that this is the same person who is the owner that is alleged in the indictment?

"MR. MAHLER [Prosecutor]: Yeah. That is Mary Harrington. She [sic] goes by the name of Mary. I should have cleared that up.

"THE COURT: You sure should have because he stated up here on the stand that his name was not Mary.

"MR. HOLBROOK [Defense counsel]: He said Marion.

"MR. MAHLER: I can recall him and clear that up."

The complainant was not recalled, and there was no evidence that Mr. Harrington went by the name of Mary.