Steve ESCOBAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 56888.

Court of Criminal Appeals of Texas, Panel No. 2.

March 14, 1979.

Robert J. Kuhn, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Charles E. Hardy, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary; punishment was enhanced to life pursuant to V.T.C.A., Penal Code Sec. 12.-42(d).

■■■ Appellant urges reversal due to a fatal variance between the allegation and proof of the complainant's name. The indictment alleged the complainant was Dan Wiederhold. The witness at trial testified his name was Donald Ray Wiederhold, and on cross-examination he testified that he had not ever been known as Dan Wiederhold.

In *Martin v. State*, Tex.Cr.App., 541 S.W.2d 605, the Court held:

"[W]e will . . . refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was misled to his prejudice.

This test on appeal is stated in the alternative and requires reversal if the names are patently incapable of being sounded the same.

In *Grant v. State*, Tex.Cr.App., 568 S.W.2d 353, we applied this test and held that "Mary" and "Marion" were patently incapable of being sounded the same, and reversed. In this case the witness testified that he had not ever been known by the name alleged in the indictment. That testimony, we conclude, constitutes evidence that the witness's name, "Donald," and the alleged name, "Dan," are patently incapable of being sounded the same. We also note that here, as in *Grant*, supra, appellant timely raised the issue at trial by motion for instructed verdict. We accordingly sustain the ground of error.

The indictment and proof being at fatal variance such as to render the evidence insufficient to support a conviction for the burglary of the residence of Dan Wiederhold as alleged,[1] the judgment is reformed to show an acquittal.

---

1. We note that an acquittal on the charge of burglary of the residence of Dan Wiederhold would not bar a prosecution for the residence of Donald Wiederhold. We also note that a prosecution for the burglary of Donald Wiederhold's residence will not lie on the indictment in this case, in any event, but must be initiated by a separate accusation.