Rafael LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 59866.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 28, 1981.

Wayne Burns, Big Spring, for appellant.

Frank Ginzel, Dist. Atty. and Russell L. Carroll, Asst. Dist. Atty., Colorado City, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for robbery. After finding appellant guilty, the jury assessed punishment, enhanced by a prior conviction at 14 years.

In his sole ground of error, appellant challenges the sufficiency of the evidence to support his conviction. He maintains that there was a fatal variance between the allegation and the proof of the complainant's name. This matter was called to the trial court's attention after the State rested by way of a motion for instructed verdict.

The indictment in the instant case alleges the complainant's name as Dionicio D. Vargas. On direct examination, the complainant testified as follows:

"Q. Is your name Dionicio D. Vargas?

"A. Yes, sir."

Vargas stated that he was a sixty-eight year old farm worker. He related that he had never had any type of formal education and was unable to print or spell his name. However, he stated that he could in fact "write" his name. The State introduced two exhibits in which the complainant had signed his last name as Vargas. Finally, Mickey Counts, the Sheriff of Fisher County, testified that the complainant was known by several names including Dionicio Vargas, Dionicio D. Vargas, Dennis Vargas, and Dennis and Broke-off.

In support of his contention that the complainant's name was different from that alleged in the indictment appellant points to the following testimony given by the complainant on cross-examination:

"Q. (By Mr. Burns) I want to ask the witness: Can you spell your name, so I can write it? Tell me what to put. What is the first letter of your name?

"A. D.

"Q. Just a minute. D. What is the next letter?

"A. I.

"Q. I.

"A. O.

"Q. O.

"A. N.

"Q. N.

"A. I. S.

"Q. S?

"A. Uh-huh. I O.

" . . .

"Q. All right. Your last name is what?

"A. Vargas.

"Q. How do you spell it?

"A. V.

"Q. V.

"A. I.

"Q. V I.

"A. R.

"Q. V I? R? Do you say R?

"A. G S.

"Q. Let's do that again.

"A. Yeah.

"Q. All right. Now your last name is V?

"A. Yeah.

"Q. I R?

"A. Yeah.

"Q. G S? That's the correct way for your name?

"A. Yeah."

Appellant relies upon *Escobar v. State*, Tex.Cr.App., 578 S.W.2d 139; *Grant v. State*, Tex.Cr.App., 568 S.W.2d 353; and *Martin v. State*, Tex.Cr.App., 541 S.W.2d 605. In each of those cases, the complainant testified that his name was different from that alleged in the indictment and there was no evidence presented that the complainant had ever been known by the named alleged. Those cases are therefore distinguishable from the instant case in that there was evidence in this case that the complainant was known by the name alleged in the indictment.

Art. 21.07, V.A.C.C.P. provides that with respect to alleging the name of a person in an indictment, when the person is known by two or more names, it shall be sufficient to state either name. Thus, in *Roach v. State*, Tex.Cr.App., 586 S.W.2d 866, this Court stated:

"In his first ground of error, appellant contends that there is a fatal variance between the indictment and proof at trial with regard to the complainant's name.

The indictment alleges that appellant passed the money order to 'Cotton Nixon.' At trial, the complainant testified that his name was 'Clarence Edward Nixon, Jr., Cotton.' The court's charge used the name 'Cotton Nixon.'

"When a person is generally known by one name, or is known by that name as well as another, either name may be used in an indictment. *Dears v. State*, Tex.Cr. App., 465 S.W.2d 376, and *Hammond v. State*, Tex.Cr., 465 S.W.2d 748. It appears as though 'Cotton' was Nixon's nickname. His testimony at trial indicates that he was known as 'Cotton.' We conclude that there was sufficient proof for the jury to find that the complainant was known as Cotton Nixon. Appellant's first ground of error is overruled." Id. at 867.

In the instant case, the result of the complainant's attempt to spell his name was a name different from that alleged in the indictment. However, there was also evidence that the complainant was known by the name which had been alleged. Under such circumstances, no variance is shown and there was sufficient proof for the jury to find that the complainant was known as Dionicio D. Vargas.

The judgment is affirmed.