**Edwardo GAYTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–214–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 28, 1987.

Kenneth Botary, Corpus Christi, for appellant.

Pat Wolter, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

OPINION

DORSEY, Justice.

Appellant was convicted of attempted murder and sentenced to fourteen years in the Texas Department of Corrections.

In his first point of error, appellant complains that the evidence was insufficient to sustain the conviction because of a variance between the victim's name as alleged in the indictment and the name as proved at trial. The indictment alleged the victim's name as *Porfino* Garcia but the proof showed his name to be *Porfirio* Garcia.

■ The name of the complaining witness must be alleged and proven. A material variance between the allegation and proof will render the evidence insufficient to sustain the conviction. *See Grant v. State,* 568 S.W.2d 353 (Tex.Crim.App.1978); *Hankins v. State,* 57 Tex.Cr.R. 152, 122 S.W. 21 (App.1909).

■ The State asserts that there is no fatal variance due to the doctrine of *idem sonans.* The phrase *idem sonans* means "of the same sound," and if the allegation

and proof of the names are capable of being sounded the same, a variance in the spelling is immaterial. *Grant v. State*, 568 S.W.2d at 354.

While the doctrine of idem sonans has been often articulated through the years, much controversy has surrounded its application. In 1976, Commissioner Dally, in an opinion approved by the Court of Criminal Appeals, stated, "[A] review of the cases leaves the impression that the rule has not been applied with that fine degree of precision required to produce uniform results." *Martin v. State*, 541 S.W.2d 605 (Tex.Crim. App.1976). The Court then articulated the following policy guidelines:

> Inasmuch as appellate courts are now limited to reading a "cold" record, they are rarely in a position to make a truly informed determination of whether two names could be or were pronounced to sound the same. We conclude that the resolution of questions involving the rule of idem sonans should be limited primarily to the trier of the facts. A trial judge or jury, having heard the pronunciation of the names in question by the parties involved, is in the better position to determine whether or not the names are or can be sounded the same; [citations omitted] we will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was misled to his prejudice. All decisions in conflict with the rule announced are hereby overruled.
>
> When the issue of idem sonans arises at trial, if the trial is before the court, it is a question of fact for the trial judge. If, before a jury, a fact issue requiring the application of the rule of idem sonans is raised by the testimony, the court, at the request of the defendant, should instruct the jury to resolve the issue. [citations omitted] Questions involving the rule of idem sonans must be raised in the first instance at trial. If the issue is raised for the first time on appeal, it will be treated as having been waived and will present nothing for review. Again,

> all decisions in conflict with the rule announced are hereby overruled.

*Martin v. State*, 541 S.W.2d at 607–608.

Judges Onion and Roberts dissented without opinion.

In three decisions applying *Martin*, the Court reversed convictions because of name variances. *Cox v. State*, 608 S.W.2d 219 (Tex.Crim.App.1980); *Escobar v. State*, 578 S.W.2d 139 (Tex.Crim.App.1979); *Grant v. State*, 568 S.W.2d 353 (Tex.Crim. App.1978). In *Cox* and *Grant*, the defendants objected by way of a motion for instructed verdict and the jury was instructed to resolve the issue. In both cases, the jury resolved the issue against the defendant, but the Court of Criminal Appeals held in favor of the defendants on appeal, finding in each case that no evidence was presented that the names could be sounded the same, and therefore that no evidence supported the jury charge. In *Escobar*, the defendant raised the issue at trial by motion for instructed verdict. The opinion fails to inform whether trial was to the court or jury and whether, if applicable, a jury was instructed on the issue. By whatever means, the issue was resolved adversely to the defendant at trial. On appeal, the Court held that the witness' testimony that he had never been known by the name alleged in the indictment was proof that the names as alleged and proved were patently incapable of being sounded the same.

The Court again applied *Martin* in *Flanagan v. State*, 620 S.W.2d 591 (Tex.Crim. App.1981), finding no preservation of error where the defendant had failed to raise the issue either in the trial court or on appeal.

In *Malone v. State*, 630 S.W.2d 920 (Tex. Crim.App.1981), a sharply divided Court again applied *Martin*, and found that the issue was raised for the first time on appeal and presented nothing for review. Judges Onion, Roberts, Teague, and Clinton dissented. Judge Clinton found the idem sonans decisions, when viewed in context, to be harmonious. The difficulty, he opined, was disposing of the "myriad nuances of the problem which may arise."

In the present case, appellant was tried before a jury. At the conclusion of the guilt phase of trial, appellant raised the variance problem by way of a motion for instructed verdict. The trial court denied his motion. The appellant did not request the jury to be charged on the issue and no instruction was given.

In some respects, *Malone* is similar to the present case. In *Malone,* the witness was asked on cross-examination to spell his name. He did so, and the spelling varied from the allegation. In our case, the prosecutor first touched upon the matter when he noticed that the witness 'name was spelled P-O-R-F-I-N-O in the indictment and inquired if that was correct. The witness responded no, and stated that his name was Porfirio Garcia. Thus, as in *Malone,* it is clear from the "cold" record that the spelling varied between allegation and proof. But in the present case, unlike *Malone,* appellant raised the issue by way of motion for instructed verdict.

In that manner then, the present case is more like *Grant, Cox,* and *Escobar,* except that in *Grant* and *Cox* the jury was instructed to resolve the issue. Nonetheless, it is apparent from *Grant* and *Cox* that if the names are patently incapable of being sounded the same, there is no evidence to support a charge on idem sonans and no charge is necessary.

There is no evidence in the record that Porfirio and Porfino could be sounded the same. We find that Porfino and Porfirio are patently incapable of being sounded the same. The trial court should have sustained appellant's motion for instructed verdict. Appellant's first point of error is sustained.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for entry of acquittal.[1]

NYE, Chief Justice, dissenting.

I respectfully dissent. I do not agree that the law question recognized by the majority is grounds for setting aside the conviction.

The problem, as evidenced by the majority opinion, is centered around the misspelling of the victim's first name. The defendant was convicted of attempted murder. On direct examination at the guilt innocence of the trial, the following testimony took place when the victim was on the stand:

[Prosecution:]

Q. Mr. Garcia, are you the same Porfirio Garcia that was testifying in front of these folks yesterday?

A. Yes.

Q. I notice in the indictment *your first name is spelled P-O-R-F-I-N-O. That is not correct, is it?*

A. *No.*

Q. *The name is Porfirio.* Is that correct?

A. *Porfirio Garcia, yes.*

Q. But are you the same Mr. Garcia that was shot on January 14th, 1986?

A. Yes. (Emphasis ours.)

The law is very ably set out by Judge Dally, writing for the Court of Criminal Appeals in *Martin v. State,* 541 S.W.2d 605 (Tex.Crim.App.1976). He there recognizes that the appellate courts are limited to reading a "cold record" and are very rarely in a position to make an informed determination of whether two names could be or were pronounced to sound the same. He points out that the trial judge or jury, having heard the pronunciation of the names is in a better position to determine whether or not the names are or can be sounded the same. If they sound the same, they are considered to be the same, and the law recognizes that such a typographical error is not sufficient to cause a reversal.

In accordance with *Martin,* the appellant should have requested an instruction so that the jury could have determined if the names were capable of being sounded the same. If the names do not sound the same

---

1. In *Escobar,* the Court of Criminal Appeals noted that an acquittal on the charge of burglary of the residence of Dan Wiederhold would not bar a prosecution for the residence of Donald Wiederhold.

and the jury makes such a determination, the variance is fatal and the proof will not support a conviction. But, if the trier of the facts determines that the names are one in the same and sound the same, there is no cause to reverse an otherwise satisfactory conviction.

Here, the defense attorney requested an instructed verdict in favor of the defendant. The very able trial judge, who had heard the name pronounced throughout the trial, determined by overruling the motion that there was no cause for setting aside the conviction. The issue having been raised, the defense did not take the next necessary step required for perfecting the error by requesting a jury determination, but apparently satisfied himself with the trial court's ruling. No perfection of the error, if any, occurred thereafter by the defendant. See *Flanagan v. State*, 620 S.W.2d 591 (Tex.Crim.App.1981); *Malone v. State*, 630 S.W.2d 920 (Tex.Crim.App. 1981).

The majority would disregard the Court of Criminal Appeals' opinion in *Martin* and the clearly distinguishable opinions in *Cox v. State*, 608 S.W.2d 219 (Tex.Crim.App. 1980); *Escobar v. State*, 578 S.W.2d 139 (Tex.Crim.App.1979) and *Grant v. State*, 568 S.W.2d 353 (Tex.Crim.App.1978) and hold, as a matter of law, that Porfino and Porfirio are patently incapable of being pronounced to sound the same. This is irrespective of the trial court's ruling in overruling the motion for instructed verdict.

It is the pronunciation or sound of a name, not the spelling, that controls in determining whether two words are *idem sonans*. *Jackson v. State*, 419 S.W.2d 370, 371 (Tex.Crim.App.1967); *Fowler v. State*, 379 S.W.2d 345, 348 (Tex.Crim.App.1964); *see also Jones v. State*, 27 S.W.2d 653, 656 (Tex.Crim.App.1930).

I also point out that, while appellate courts are generally not in an ideal position to determine whether two names were or could be pronounced the same, this is even more true when the names in question are of foreign derivation. Our court is certainly in no position, based on this "cold"

record, to determine if Porfino and Porfirio were or could be sounded the same. *Cf. Pedrosa v. State*, 232 S.W.2d 733 (Tex. Crim.App.1950) (defendant presented expert witness testimony that the two names in question could not be pronounced alike either in English or Spanish). No such testimony occurred in this case.

I would overrule appellant's first point of error.