**Ricky BLANKENSHIP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–023–CR.**

Court of Appeals of Texas,
Texarkana.

Jan. 4, 1989.

Michael Lantrip, Pittsburg, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

GRANT, Justice.

Ricky Blankenship appeals from a jury conviction for aggravated robbery. The jury assessed his punishment at ten years confinement in the Texas Department of Corrections.

In his sole point of error, Blankenship asserts that the trial court erred by deny-

ing his motion for a directed verdict and his motion for a mistrial because there was a fatal variance between the allegation of the complainant's name in the indictment and the proof of the complainant's name at trial. The indictment charged, in part, that Blankenship

> did then and there intentionally, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place *Armando* Sanroman in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon. (Emphasis added.)

At trial, the complaining witness testified that his name was *Rudolfo* Sanroman. The charge to the jury provided in part that Blankenship

> while in the course of committing theft, intentionally or knowingly placed *Armando* Sanroman in fear of imminent bodily injury by exhibiting a deadly weapon ... with the intent to obtain property of *Armando* Sanroman. (Emphasis added.)

■ The name of the complaining witness must be alleged in the charging instrument and must be proven beyond a reasonable doubt. *Ex parte Lewis*, 544 S.W.2d 430, 431 (Tex.Crim.App.1976); Tex. Code Crim.Proc.Ann. arts. 21.02, 21.07 (Vernon 1966). A variance between the allegation and the proof will render the evidence insufficient to sustain the conviction. *Herrera v. State*, 623 S.W.2d 940 (Tex.Crim.App.1981); *Cox v. State*, 608 S.W.2d 219, 220 (Tex.Crim.App.1980); *Gayton v. State*, 732 S.W.2d 724 (Tex.App.— Corpus Christi 1987, pet. ref'd).

■ Relying upon Article 21.07 of the Code of Criminal Procedure, the State contends that the indictment was sufficient. Article 21.07 provides:

> In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname.

*When a person is known by two or more names, it shall be sufficient to state either name.* When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment.

Tex.Code Crim.Proc.Ann. art. 21.07 (Vernon 1966) (emphasis added).

Armando Sanroman did not testify at the trial. Rudolfo Sanroman testified that Armando Sanroman was his brother, that Armando owned the stolen truck, that Armando resided in Oklahoma, and that Armando was in Oklahoma at the time of the robbery. Rudolfo Sanroman also testified that his name was reported[1] to the Sheriff's Office as being "Armando Sanroman," that other than the personnel of the Sheriff's Office, no one has ever referred to him as "Armando," and that no one else has begun referring to him as "Armando." He testified that he used the name of his brother because the truck was in his brother's name.

Mario Marquez, who was with Rudolfo when the robbery occurred and who made the initial report to the Sheriff's Office, testified that he told the authorities that the complainant's name was Armando Sanroman because the title to the stolen pickup truck was in Armando Sanroman's name. Marquez further testified that Armando Sanroman was Rudolfo Sanroman's brother, that no one referred to Rudolfo as "Armando" prior to the incident, and that no one had since started referring to Rudolfo as "Armando."

The Sheriff testified that he had contacted the complainant on two occasions and that each time the complainant responded to "Armando Sanroman." He testified that he had asked for Armando Sanroman at the Henderson Manufacturing Company on two occasions, and each time they had brought Rudolfo Sanroman.

The Chief Deputy testified that he had spoken with the complainant on three separate occasions. He testified that the com-

---

**1.** Rudolfo Sanroman does not speak English.

plainant told him that he was "Armando Sanroman" on two of those occasions.

The name alleged in the indictment should be the name which the injured party was known by at the time of the injury. *Williams v. State,* 13 Tex.Ct.App. 285 (1882); *Rutherford v. State,* 13 Tex.Ct. App. 92 (1882). The evidence is clear that Rudolfo did not commonly use his brother's name, but rather had used his name for the purpose of this case only. We do not find this to be the type of usage authorized by Article 21.07. A fatal variance between the complainant's name in the indictment and the name proved by the evidence violates the concepts of adequate notice grounded in constitutional due process. The defendant has not been fully apprised of charges against him if the State is able to claim one thing in the indictment, but later proves another at trial. *Boyette v. State,* 632 S.W.2d 915 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). If the law enforcement officers were the only persons who knew Rudolfo by the name Armando, this would not constitute adequate notice to the defendant.

This is not a case in which the charging instrument needed to specify the ownership of the vehicle as in *Smotherman v. State,* 415 S.W.2d 430 (Tex.Crim.App.1967). Rather, this was a case in which the defendant Blankenship was charged with committing theft while threatening and placing *Armando* Sanroman in fear of imminent bodily injury and death. The evidence shows that it was *Rudolfo* Sanroman who was threatened and placed in fear of imminent bodily injury and death.

There is a fatal variance between the allegation of the complainant's name in the indictment and the proof of the name. The evidence is therefore insufficient to sustain a conviction. *Herrera v. State, supra; Cox v. State, supra; Gayton v. State, supra.* The trial court erred in denying Blankenship's motion for a directed verdict.

**2.** In *Smotherman v. State,* 415 S.W.2d 430 (Tex. Crim.App.1967), the defendant named in the indictment was not the owner of the automobile, but a second trial under an indictment alleging the correct owner was upheld. *See also*

 The State further contends that Blankenship has waived any error by failing to request that the issue of *idem sonans* be submitted to the jury. No evidence was submitted at trial to show that "Rudolfo Sanroman" and "Armando Sanroman" sounded the same. A charge on *idem sonans* need not be requested if there is no evidence to support the charge. *See, Grant v. State,* 568 S.W.2d 353 (Tex. Crim.App.1978); *Martin v. State,* 541 S.W. 2d 605 (Tex.Crim.App.1976).

The judgment is reversed, and the cause is remanded to the trial court for the entry of an acquittal.[2]

*Escobar v. State,* 578 S.W.2d 139 n. 1 (Tex.Crim. App.1979); Dix, *Texas Charging Instrument Law: Recent Developments and the Continuing Need for Reform,* 35 Baylor L.Rev. 708–712 (1983).