Opinion issued November 29, 2007













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00435-CR
 

 
 
JOHNNY LEE HURD , Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1010614
 

 

MEMORANDUM OPINION
          A jury found appellant, Johnny Lee Hurd, guilty of aggravated robbery, and,
after having found true the enhancement allegation of a prior conviction for
aggravated assault, the trial court assessed punishment at 15 years confinement and
a fine of $10,000.00. See Tex. Pen. Code Ann. § 29.03 (Vernon 2006). In five
issues, appellant asserts that: (1) the evidence is factually insufficient to sustain his
conviction, (2) the trial court erred in allowing “backdoor” hearsay testimony and in
overruling his objection to an improper jury instruction, and (3) there is a fatal
variance between the name of the complainant in the indictment and in the proof at
trial. We affirm.
Background
          In the early morning hours of November 20, 2004, the complainant, Brenda
Agreda, drove to her cousin’s apartment complex. Agreda testified that, after she
parked her Lincoln Navigator, she turned to get her purse from the passenger seat
and, when she turned back around, she saw appellant at her driver-side window. She
testified that he pointed the gun at her and ordered her out of the vehicle. As she got
out of the car, she saw another man, whom she later identified as James Lee Jones,
at the passenger-side window. After taking Agreda’s keys, purse, and cell phone,
appellant and Jones got into her vehicle and drove off. Houston Police Department
patrol officer P.G. Villanueva spoke with Agreda at the scene.
          Four days later, Houston Police Officer M.T. Ferguson was patrolling the area
when he found the stolen Navigator in the Roadrunner Hotel. Officer Ferguson spoke
with Warren Reading, who claimed to have information regarding the Navigator. 
After speaking with the patrons of the hotel, Officer Ferguson determined that
appellant and Jones were the suspects. Detective Kim Miller reviewed Officer
Villanueva’s offense report along with Officer Ferguson’s supplement. After
speaking with both Reading and Agreda, Miller agreed that Jones and appellant were
the suspects. Agreda identified appellant and Jones in a photo array. 
Factual Sufficiency of the Evidence
          In his first issue, appellant argues that the evidence was factually insufficient
to support a finding that he committed the crime. Specifically, appellant argues that
the only eyewitness who identified him, Agreda, gave inconsistent testimony, there
is no fingerprint or “bloodhound” evidence to prove his possession or use of stolen
property, and that the State’s use of extraneous offense testimony and evidence was
unreliable. We disagree.Standard of Review
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the proof of guilt is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we also cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
our factual-sufficiency review, we must also discuss the evidence that, according to
appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines the weight to be given contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5. This standard of review applies to both direct and
circumstantial evidence cases. King, 29 S.W.3d at 565.
Analysis
          Appellant’s factual sufficiency argument is primarily based on his contention
that the evidence provided by the State on the issue of identity is too weak under the
beyond-a-reasonable-doubt standard to support a guilty verdict. Appellant first
asserts that the only evidence identifying him as the assailant from one sole
eyewitness, who is also the complainant. Appellant states that, because there are
inconsistencies among the complainant’s statements and because there was no other
physical evidence such as fingerprints linking him to the crime, testimony from one
eyewitness is just not sufficient to sustain his conviction. 
          “Robbery” is defined as committing theft with the intent to control or maintain
control of the property, and intentionally or knowingly threatening or placing another
in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (Vernon
2005). “Aggravated robbery” is specifically defined as a robbery committed with or
exhibiting a deadly weapon. Tex. Pen. Code Ann. § 29.03 (Vernon 2005). 
           Appellant argues that too much of the evidence is in dispute to prove beyond
a reasonable doubt that he committed the robbery. He states that Agreda was the only
eyewitness and her testimony is unreliable because of the inconsistencies in her
statement of the order of events. However, a conviction need not be reversed simply
because there is only one eyewitness even if that person is also the complainant. See
Harmon v. State, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d); Batts v. State, 673 S.W.2d 666, 668 (Tex. App.—San Antonio 1984, no pet.). 
          The inconsistencies appellant complains of include Agreda’s incorrect time of
the incident; the fact that, initially, Agreda stated that the suspects rode off in the
stolen vehicle together, then later admitted that one of the suspects might have walked
away from the scene; and the fact that Agreda’s description of the suspects was “too
broad.” Appellant also complains that Agreda’s description of appellant did not
mention the tattoo on his face.


 The jury may believe or disbelieve any witness’s
testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
Although Agreda was the only eyewitness, she testified at trial that appellant was the
assailant who threatened her life and ordered her out of the vehicle. She positively
identified appellant in a photo array at which time she stated that she was 100% sure
he was her assailant. Accordingly, we hold that the evidence is not so weak that the
verdict is clearly wrong and manifestly unjust and is, thus, factually sufficient to
sustain the jury’s finding of guilt. We overrule point of error one.
Hearsay
          In point of error two, appellant contends that, because both constituted
backdoor hearsay, the trial court erred in admitting Officer Ferguson’s testimony
concerning his interview with Warren Reading and Detective Miller’s testimony
describing her investigation of appellant.
Standard of Review 
          We review a trial court’s decision to admit evidence under an abuse of
discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). 
We will not reverse a trial court’s ruling unless that ruling falls outside the zone of
reasonable disagreement. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001).
Analysis
          “Hearsay” is a statement, other than the one made by the declarant while
testifying at trial, offered to prove the truth of the matter asserted. Tex. R. Evid.
801(d). “Statement” is defined as “(1) an oral or written verbal expression or (2)
nonverbal conduct of a person, if it is intended by the person as a substitute for verbal 
expression.” Tex. R. Evid. 801(a). Hearsay is not admissible evidence unless
excepted by a statute, the rules of evidence, or another rule promulgated pursuant to
statutory authority. Tex. R. Evid. 802.
          Appellant relies on Schaffer v. State, 777 S.W.2d 111 (Tex. Crim. App. 1989),
for the proposition that Ferguson’s testimony constituted backdoor hearsay—that is,
the State was attempting to get before the jury the contents of Reading’s
statement—that appellant possessed the stolen vehicle—via Ferguson’s testimony. 
Schaffer held that, “where there is an inescapable conclusion that a piece of evidence
is being offered to prove statements made outside the courtroom, a party may not
circumvent the hearsay prohibition through artful questioning designed to elicit
hearsay indirectly.” 777 S.W.2d at 114 (noting that the phrase “inescapable
conclusion is not a talisman . . . [but that] the focus of the inquiry should remain
whether or not the disputed testimony is being offered to prove the out-of-court
statement.”). In Jones v. State, 843 S.W.2d 487 (Tex. Crim. App. 1992), the Court
of Criminal Appeals stated:
At the guilt/innocence phase of the trial the arresting officer
testified that after listening to another detective question Yelena
Comalander, he began to suspect appellant in this offense, and that he
then had an arrest warrant issue for appellant. The State argues that this
testimony is not hearsay because it was not introduced for the truth of
the matter asserted, but to explain how the officer came to suspect
appellant, seek an arrest warrant for him, and then arrest him. 
 
Because the statement was not offered to prove the truth of the
matter asserted, but to show why the officer got an arrest warrant for and
arrested appellant it was not objectionable as hearsay.

843 S.W.2d at 499.
          The Court of Criminal Appeals revisited the issue in Dinkins v. State, 894
S.W.2d 330 (Tex. Crim. App. 1995) and reaffirmed Jones when it held that an
appointment book and an application form with the defendant’s name in it were
admitted to show how the defendant became a suspect, not for the truth of the matter
asserted. Id. at 347. Police officers may testify to explain how the investigation
began and how the defendant became a suspect. Id.  
           Unlike the “inescapable conclusion” in Schaffer, Officer Ferguson’s and
Detective Miller’s testimony was offered to establish the course of Miller’s
investigation and to show how appellant became the robbery suspect. See Jones, 843
S.W.2d at 499. Because the ruling falls within the zone of reasonable disagreement,
we hold that the trial court did not err in allowing Officer Ferguson’s and Detective
Miller’s testimony. See Burden, 55 S.W.3d at 615. Accordingly, we overrule
appellant’s second and third points of error. 
Submission of Jury Instruction
          In appellant’s fourth point of error, he argues that the trial court erred in
overruling his objection to the State’s inclusion of an instruction in the jury charge
under Article 21.07 on the issue of idem sonans. At trial, appellant requested the
following instruction:
You are instructed unless you find from the evidence beyond a
reasonable doubt that the names Agrada appearing in the indictment and
Agreda as testified to in this trial or [sic] usually pronounced in such a
way that the names have been distinguishable, or that there’s difficulty
in distinguishing when pronounced, you’ll find the defendant not guilty.

The trial court instructed the jury on the issue of idem sonans as follows:
 
You are instructed that unless you find from the evidence beyond a
reasonable doubt that the names “Brenda Agrada” appearing in the
indictment, and “Brenda Agreda” as testified to in this trial are usually
pronounced in such a way that the names are indistinguishable or that
the attentive ear finds difficulty in distinguishing them when
pronounced, you will find the defendant not guilty. 

Appellant alleges, that there is “a lack of evidence in the record raising the issue as
to whether or not [Agreda] is known by two or more names.” Appellant further states
that he was surprised by the fact that Agreda claims to have two names, and he was
“prejudiced because he is now subjected to another potential trial with the
complainant, because Agreda with an “E” sound, cannot sound the same as Agrada,
with an “A” sound, as the witness testified.” We disagree.
Standard of Review
          Texas requires unanimous verdicts in all felony cases. See Tex. Const. art. V,
§ 13; Stuhler v. State, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007); Ngo v. State, 175
S.W.3d 738, 745 (Tex. Crim. App. 2005). Appellate review of jury-charge error
involves a two-step process. Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App.
1994). Initially, we must determine whether error occurred. If so, we must then
evaluate whether sufficient harm resulted from the error to require reversal. Id. at
731–32. Error in the charge, if timely objected to in the trial court, requires reversal
if the error was “calculated to injure [the] rights of the defendant,” which means no
more than that there must be some harm to the accused from the error. Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon 2006); see Abdnor, 871 S.W.2d at 731–32;
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). “A defendant must
have suffered ‘some’ actual, rather than theoretical harm from the error.” Arline v.
State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986) (citing Almanza, 686 S.W.2d at
171).
Analysis 
          Appellant argues that there was no evidence that Agreda was known by two 
or more names. A variance between the allegation and proof of a name will not
impugn the validity of a judgment of conviction so long as the names sound alike or
the attentive ear finds difficulty distinguishing them when pronounced. Farris v.
State, 819 S.W.2d 490, 469 (Tex. Crim. App. 1990). If a question arises whether two
spellings are idem sonans, it is an issue of fact for the jury. Id. Unless the two are
patently incapable of sounding alike, a failure to request submission of the issue for
jury consideration will defeat any claim of a variance on appeal. Id. Pronunciation,
rather than spelling, is the key to resolving the issue. Id.
          Also, the State offered evidence that Agreda introduced herself to Detective
Miller and Officer Ferguson as Brenda Agrada, with the spelling A-G-R-A-D-A. 
Agreda even testified that she is often referred to as Brenda Agrada and Brenda
Agreda, and she responds to both names. There is sufficient evidence in the record
that Agreda used the names Agreda and Agrada; therefore, the trial court did not err
by including the instruction, and we hold that the variant spelling is not fatal to
appellant’s conviction. We overrule appellant’s forth issue.
Fatal Variance
          In his fifth issue, appellant contends that the evidence is legally insufficient to
support his conviction because the State failed to prove Agreda’s name as alleged in
the indictment. He contends that, because Agreda’s last name was spelled “Agreda”
in the reporter’s record, but was spelled “Agrada” in the indictment, there exists a
fatal variance between the State’s proof of Agreda’s name and the name alleged in the
indictment. We disagree.
Standard of Review
          In reviewing a legal sufficiency challenge, we inquire, whether, after viewing
all the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Thomas v. State, 36 S.W.3d 709, 710 (Tex. App.—Houston [1st. Dist.] 2001, pet.
ref’d). 
 
Analysis
          Although the indictment charges appellant with the aggravated robbery of
Brenda “Agrada,” the Code of Criminal Procedure allows the use of either name in
the indictment when a person is known by two or more names. See Tex. Code Crim.
Proc. Ann. art. 21.07 (Vernon 2005); Lopez v. State, 610 S.W.2d 764, (Tex. Crim.
App. 1981). There was sufficient evidence presented at trial that showed Agreda was
known by the two names “Agrada” and “Agreda.” In Garcia v. State, 760 S.W.2d
817 (Tex. App.—Corpus Christi), aff’d, 792 S.W.2d 88 (Tex. Crim. App. 1990), the
court held that there was no variance where there was evidence the complainant used
the name in indictment, although not his legal name. Id. at 819-820 (no variance in
the indictment where the victim, J.L. Garza, was also known by J.L Garcia; either
name could have been stated in the indictment).
          Appellant also argues that there was a fatal variance between the State’s proof
of the complainant’s name and the name alleged in the indictment. As a general rule,
a variance between the indictment and evidence at trial is fatal to a conviction. 
Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995); Reyes v. State, 3
S.W.3d 623, 625 (Tex. App.—Houston [1st Dist.] 1999, no pet.). This rule, however,
applies only to a material variance, or one that misleads the defendant to his
prejudice. A variance between the allegation and proof of a name will not impugn
the validity of a judgment conviction so long as the names sound alike or the attentive
ear finds difficulty distinguishing them when pronounced. Farris, 819 S.W.2d at
496. If a question arises whether the two spellings are thus idem sonans, it is the
issue of fact for the jury. Id. 
          Agreda testified that she was known by both names, and there was also
testimony from Officer Ferguson and Detective Miller stating that the complainant
used the name “Agreda.” Sufficient evidence supports the jury’s idem sonans
finding, and the spelling variance thus is not fatal. We overrule appellant’s fifth
issue.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).