**Opinion filed January 13, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00105-CR
_____

## RAY ZEPEDA SANCHEZ JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 5**

**Tarrant County, Texas**

**Trial Court Cause No. 1143730**

## M E M O R A N D U M   O P I N I O N

A jury found Ray Zepeda Sanchez Jr. guilty of violating a protective order. The trial court sentenced him to ninety days confinement in the county jail. We affirm.

Susana Villarreal and appellant were married pursuant to common law. They had four children together. In June 2006, the 325th District Court entered a protective order in favor of Villarreal against appellant. The court found that family violence had occurred and was likely to occur again in the future and that a protective order was in the best interest of Villarreal. Pursuant to the protective order, appellant was prohibited from committing family violence on or against Villarreal, from communicating directly with Villarreal in a threatening or harassing manner, from communicating a threat through any other person to Villarreal, and from going to or within twenty feet of the property line of the residence of Villarreal.

In October 2008, appellant was released from custody and his family had a party for him at his sister's house. Appellant wanted their son to attend the party. Villarreal drove their son to appellant's sister's house. While there, appellant and Villarreal talked. The next day, Villarreal noticed appellant driving on the street in front of her house. When she left to take her daughter to school, appellant drove up behind her until he caught up to her car, rolled down his window, and threatened her. Appellant also sent Villarreal several texts throughout the day. Appellant talked to Villarreal's mother and threatened to hurt Villarreal. That afternoon, Villarreal called the police. Appellant was charged with two counts of violation of a protective order. The information charged that appellant did:

> Intentionally or knowingly, in violation of an order of the 325th District Court of Tarrant County, Texas, issued on the 19th day of June, 2006, in Cause Number 325-403560-06, under authority of the Texas Family Code Chapter 85, commit an act of family violence, namely a threat that reasonably placed Susana Villarreal, a member of his family or household, in fear of imminent physical harm, bodily injury or assault[, and]

> Intentionally or knowingly, in violation of an order of the 325th District Court, of Tarrant County, Texas, issued on the 19th day of June, 2006, in Cause Number 325-403560-06, under authority of the Texas Family Code Chapter 85, commit an act of family violence, namely communicating a threat through any person to-wit: Patricia Visilio,[1] to Susana Villarreal, that reasonably placed Susana Villarreal, a member of the defendant's family or household, in fear of imminent physical harm, bodily injury, or assault.

Appellant pleaded not guilty and proceeded to a jury trial.

Appellant challenges the factual sufficiency of the evidence supporting his conviction for violation of a protective order as alleged in both counts of the information. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[2] legal-sufficiency standard and the *Clewis*[3] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes

---

[1]We note that the name in the information is misspelled, but appellant acknowledges that Visilio is *idem sonans* for Vasillio. *See Escobar v. State*, 578 S.W.2d 139, 140 (Tex. Crim. App. 1979).

[2]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[3]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Under Chapter 85 of the Texas Family Code, a court may issue a protective order when it finds that family violence has occurred and is likely to occur in the future. TEX. FAM. CODE ANN. § 85.001 (Vernon 2008). A person commits an offense if, in violation of an order issued under Chapter 85 of the Family Code, the person knowingly and intentionally communicates directly with a protected individual in a threatening or harassing manner or communicates a threat through any person to a protected individual. TEX. PENAL CODE ANN. § 25.07(a)(2)(A), (B) (Vernon Supp. 2010).

Villarreal testified that she dropped their son off at appellant's sister's house the evening appellant was released from custody and that she and appellant had a civil conversation. They talked about the protective order still being in effect and the fact that he could not come to her house. Villarreal testified that appellant told her that she needed to get her boyfriend out of their house and then he would leave her alone. She told him that she would work on it but that she needed some time. Villarreal testified that she did not feel threatened during the conversation and left the house thinking that everything was going to be okay.

However, the next day she noticed appellant drive by her house in his dad's black Cadillac Escalade. She testified that she was concerned and that she waited to take their daughter to school. When she noticed that he was not passing her house anymore, she took their daughter to school. Villarreal testified that, when she turned onto Long Street, she saw appellant coming from behind her. She testified that she was scared and pulled her car to a complete stop. Appellant pulled up beside her; he had his window down and told their daughter to roll down her window. Appellant yelled at Villarreal from his vehicle, "That wetback better not be -- I better -- that wetback better not be here or all hell was going to break loose, and all bets are off." Villarreal testified that she was very scared and thought that he was going to "hit [her] car or do something. I really thought something bad was going to happen. . . . [R]ight then in that minute." Villarreal testified that appellant also sent her five to twelve text messages throughout the day. She called the police after she received a text that asked how it felt knowing that her

3

"boyfriend or the police can't protect you." Villarreal also testified that she was scared enough that she bought a handgun and rented a hotel room for a week; she was too scared to be at her house.

A.S. testified that she was the daughter of appellant and Villarreal. She testified that she was present when appellant pulled up beside her mother's car. A.S. testified that, when her mother saw appellant, she gasped and put her hand over her chest and that her mother seemed very scared at the time. A.S. testified that she was not scared but that her mother clearly was. On cross-examination, A.S. stated that appellant did not threaten Villarreal but, rather, just wanted someone out of the house.

Patricia Vasillio testified that she is Villarreal's mother. On the same day that appellant drove by Villarreal's house and sent her text messages, he also called Vasillio. Vasillio testified that appellant told her that he wanted to get back together with Villarreal and that she had no business being with that "wetback" Jose. Vasillio tried to convince appellant to leave Villarreal alone. She testified that appellant then stated: "Well, if she's not going to be mine, she's not going to be nobody else's." Vasillio testified that she took this to mean that appellant was going to harm Villarreal. However, Vasillio did not tell Villarreal because she did not want to scare her. Later, after Villarreal had called the police, Vasillio told the police and Villarreal about her conversation with appellant.

Appellant argues that the State waived count two of the information because the trial court's docket sheet states that count two was waived. However, the record does not support this conclusion. The State never waived count two. The jury was charged on both counts and returned a verdict of guilty as charged in the information. The trial court's judgment states in the heading of the document: "Judgment & Sentence Count One." However, the body of the judgment reiterates that the jury found appellant guilty as charged in the information. *See Ex parte Gray*, 426 S.W.2d 241, 241 (Tex. Crim. App. 1968) (a document that contains the wrong title but has all essential elements of a judgment of sentence will suffice as a judgment).

Appellant contends that the evidence is insufficient because the statements he made directly to Villarreal were threats against Villarreal's boyfriend, Jose, not Villarreal. He further argues that, because the evidence did not show that Jose was in the house at the time the threats were made, Villarreal's fear of imminent physical harm was not reasonable. We disagree. The evidence showed that Villarreal was afraid that appellant was going to assault her and that appellant had never even spoken to Jose. Villarreal testified that the threats were against her, not Jose. Villarreal was scared enough to buy a handgun and to stay in a hotel for a week. A

4

rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. The evidence is sufficient to support the jury's verdict as to count one.

Regarding count two, appellant argues that the evidence does not show that appellant intended for Vasillio to relay to Villarreal the statements he made to Vasillio. However, the record indicates that Villarreal became aware of what appellant said to Vasillio. Vasillio testified that Villarreal had already called the police when she got home. Vasillio told the police and Villarreal what appellant had said to her on the phone. Vasillio testified that she believed that appellant intended to hurt Villarreal and that he meant what he had said. The evidence is sufficient to support the jury's verdict as to count two. We overrule appellant's issues on appeal.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


January 13, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.